IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY VALENTINE, As Representative of the Estate of Kurtis R. Williams; JOYCE WILLIAMS; and STARR BROOKS, As Next Friend of S.L.-D.B., the Minor Child of Kurtis R. Williams | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-2153 |
| CLEAN HARBORS DEER PARK, LLC; SUNCOR ENERGY (U.S.A.) INC.; SUNCOR MARKETING, INC.; SUNCOR ENERGY (U.S.A.) MARKETING, INC.; and KEVIN FLEMING | § § § § § § | (Jury trial demanded in State Court) |

**ORIGINAL ANSWER AND JURY DEMAND OF
DEFENDANT CLEAN HARBORS DEER PARK, LLC**

*To the Honorable United States District Judge:*

Defendant Clean Harbors Deer Park, LLC ("Defendant") files this Original Answer and Jury Demand to the Original Petition ("Petition") of Plaintiffs Tiffany Valentine, as representative of the estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, individually and as Next Friend and natural Mother of S.L.-D.B., the minor child of Decedent Kurtis Williams ("Plaintiffs").

1. No response is necessary to paragraph 1 of the Petition.

**JURISDICTION AND VENUE**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Petition, and therefore deny the same.

3. Defendant denies the allegations in paragraph 3 of the Petition to the extent those allegations are directed to Defendant Kevin Fleming. Defendant admits that the Court has personal

jurisdiction over Defendant, but denies the remaining allegations directed to Defendant in paragraph 3 of the Petition. Defendant denies any inference in paragraph 3 of the Petition that any Defendant who may be a citizen of Texas has been properly joined in this case. Defendant is without knowledge or information sufficient to form as belief as to the truth of the allegations directed to other Defendants in paragraph 3 of the Petition, and therefore denies the same.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant admits that the Court has venue of this case pursuant to 28 U.S.C. § 1446(a). Defendant denies the allegations in paragraph 5 of the Petition to the extent those allegations are directed to Defendant Kevin Fleming. Defendant denies any inference in paragraph 5 of the Petition that any Defendant who may be a citizen of Texas has been properly joined in this case.

**PARTIES**

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Petition, and therefore denies the same.

7. Defendant admits the allegations in paragraph 7 of the Petition.

8. Defendant admits that Suncor Energy (U.S.A.) Inc. is a foreign corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Petition and therefore denies the same.

9. Defendant admits that Suncor Energy Marketing, Inc. is a foreign corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Petition and therefore denies the same.

10. Defendant admits that Suncor Energy Marketing (U.S.A.), Inc. is a foreign corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Petition and therefore denies the same.

11. Defendant denies the allegations in paragraph 11 of the Petition.

## FACTS

12. Defendant denies the allegations in the first sentence of paragraph 12 of the Petition. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Petition, and therefore denies the same.

13. Defendant admits the allegations in paragraph 14 of the Petition to the extent those allegations are directed to Suncor Energy (U.S.A.), Inc. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Petition, and therefore denies the same.

14. Defendant denies the allegations in paragraph 14 of the Petition.

15. Defendant denies the allegations in paragraph 15 of the Petition.

16. Defendant denies the allegations in paragraph 16 of the Petition.

17. Defendant denies the allegations in paragraph 17 of the Petition.

## CLAIMS

18. Defendant adopts the responses to the allegations in prior paragraphs of this Answer in response to paragraph 18 of the Petition.

19. Defendant denies the allegations in paragraph 19 of the Petition, including all subparts (a) through (o).

20 Defendant denies the allegations in paragraph 20 of the Petition.

21. Defendant denies the allegations in paragraph 21 of the Petition.

22. Defendant admits that Plaintiffs are seeking certain damages in this case but deny that they are entitled to recover such damages, in response to paragraph 22 of the Petition.

23. Defendant denies the allegations in paragraph 23 of the Petition.

24. Defendant admits that Plaintiffs are seeking certain damages in this case but deny that they are entitled to recover such damages in response to paragraph 24 of the Petition.

### JURY TRIAL

25. Defendant admits that Plaintiffs have demanded a trial by jury in state court in this case. Defendant also demands a trial by jury pursuant to Rule 81.

### PRAYER

26. Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 26 of the Petition.

### AFFIRMATIVE DEFENSES

27. Defendant is entitled to have the Court and jury apply the doctrine of proportionate responsibility or comparative negligence established by Texas or Colorado law to reduce any claim against Defendant.

28. Plaintiffs' damages may have been caused in whole or in part by Decedent's pre-existing condition or physical susceptibility to any chemical exposure.

29. Plaintiffs may not recover any damages that did not result from the occurrence in question.

30. Defendant invokes its right to reduction of any verdict that may be rendered in this case by credit for payments made by other persons or by percentage reduction to which Defendant would be entitled.

31. Plaintiffs' damages may be barred in whole or in part by the one satisfaction rule if they receive payments for damages allegedly sustained in the accident that is the basis of this case by settlement or otherwise.

32. Defendant hereby invokes the limitation on the recoverability of medical expenses pursuant to Section 41.0105 of the Texas Civil Practices and Remedies Code, including but not limited to, that recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Decedent.

33. Defendant hereby invokes the limitation on the recoverability of lost earnings and loss of earning capacity pursuant to TEX. CIV. PRAC. & REM. CODE § 18.091. Further, if Plaintiffs seek recovery for loss of earnings, loss of earning capacity and/or loss of contributions of a pecuniary value, the Court shall instruct the jury as to whether any recovery for such compensatory damages sought by Plaintiffs is subject to federal or state income taxes.

34. The acts or omissions of other parties or third parties over whom Defendant had no control or right of control were a new and independent cause of Plaintiffs' damages.

35. The acts or omissions of other parties or third parties over whom Defendant had no control or right of control were the sole cause of Plaintiffs' damages.

36. Plaintiffs' damages were caused in whole or in part by the acts or omissions of other parties or third parties over whom Defendant had no control or right of control.

37. Plaintiffs' damages were caused by a superseding or intervening cause that bars recovery against Defendant.

38. In the unlikely event that Plaintiffs recover against Defendant under more than one theory of recovery, Plaintiffs must elect their remedy.

39. Defendant is entitled to submit the conduct of any applicable "responsible third parties" to the jury pursuant to Tex. Civ. Prac. & Rem. Code § 33.001 et seq. including, but not limited to, sections 33.003 and 33.004.

40. Plaintiffs' damages, if any, were caused by an unavoidable accident.

41. Defendant will show that any award of interest that is in excess of the applicable market rate of interest during the relevant time period would be arbitrary, violate public policy, and violate the due process and equal protection guarantees of the Texas and United States Constitutions.

42. Any award of non-economic damages in this case is barred in whole or in part by Colo. Stat. Ann. § 13-21-102.5.

43. Any award of exemplary damages is subject to and limited by Chapter 41 of the Texas Civil Practices and Remedies Code including, but not limited to, Sections 41.006, 41.007 and 41.008 and Colo. Stat. Ann. § 13-21-203.

44. Any award of exemplary damages in this case against Defendant would violate Defendant's right to due process of law under the federal and Texas or Colorado constitutions.

45. Plaintiffs have failed to state a claim upon which relief can be granted against Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant Clean Harbors Deer Park, LLC requests that Plaintiffs Tiffany Valentine, as representative of the estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, individually and as Next Friend and natural Mother of S.L.-D.B, the minor child of Decedent Kurtis Williams take nothing against Defendant Clean Harbors Deer Park, LLC and that Defendant Clean Harbors Deer Park, LLC have and recover its costs of Court. Finally, Defendant Clean Harbors Deer Park, LLC requests all other relief, legal or

equitable, general or special, to which Defendant Clean Harbors Deer Park, LLC may show itself justly entitled.

Respectfully submitted,

By : /s/ Raymond A. Neuer
    Raymond A. Neuer
    State Bar No. 14928350
    Federal Bar No. 11085
Sheehy, Ware, Pappas & Grubbs, P.C.
909 Fannin Street, Suite 2500
Houston, Texas 77010
713.951.1000 – telephone
713.951.1199 – facsimile
Email: rneuer@sheehyware.com

***Attorneys for Defendants Clean Harbors Deer Park, LLC and Kevin Fleming***

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on June 20, 2023.

By: /s/ Raymond A. Neuer
    Raymond A. Neuer