IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY VALENTINE, As Representative § <br> of the Estate of Kurtis R. Williams; § <br> JOYCE WILLIAMS; and STARR § <br> BROOKS, As Next Friend of S.L.-D.B., § <br> the Minor Child of Kurtis R. Williams § <br>  § <br> v. § <br>  § <br> HPC INDUSTRIAL SERVICES; § <br> SUNCOR ENERGY (U.S.A.) INC.; § <br> SUNCOR MARKETING, INC.; SUNCOR § <br> ENERGY (U.S.A.) MARKETING, INC.; § <br> and KEVIN FLEMING § | | CIVIL ACTION NO. 4:23-cv-2153 <br><br> (Jury trial demanded in State Court) |

**ORIGINAL ANSWER AND JURY DEMAND OF DEFENDANT HPC INDUSTRIAL SERVICES, LLC TO PLAINTIFFS' FIRST AMENDED COMPLAINT SUBJECT TO AND WITHOUT WAIVER OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, CONDITIONAL MOTION TO TRANSFER VENUE**

*To the Honorable Charles Eskridge United States District Judge:*

Defendant HPC Industrial Services, LLC (f/k/a HydroChem LLC)("Defendant") files this Original Answer and Jury Demand to the First Amended Complaint ("Complaint") of Plaintiffs Tiffany Valentine, as representative of the estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, individually and as Next Friend and natural Mother of S.L.-D.B., the minor child of Decedent Kurtis Williams ("Plaintiffs"), subject to and without waiver of its Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(3), and its conditional Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

The Complaint includes an introductory paragraph explaining why Plaintiffs filed the Complaint. Defendant agrees that Plaintiffs initially named Defendants in the Original Petition

filed in state court who were not proper parties to this case. However, Defendant denies that it is a required party to this case.

1. Defendant denies the allegations in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint to the extent those allegations are directed to Defendant.  Defendant denies any inference in paragraph 3 of the Complaint that any Defendant is a citizen of Texas. Defendant is without knowledge or information sufficient to form as belief as to the truth of the allegations directed to other Defendants in paragraph 3 of the Complaint, and therefore denies the same.

4. Defendant is without knowledge or information sufficient to form as belief as to the truth of the allegations in the first sentence of Paragraph 4 of the Complaint, and therefore denies the same. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

### PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6. Defendant admits that Suncor Energy (U.S.A.) Inc. is a foreign corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and therefore denies the same.

7. Defendant admits that it is organized under the laws of the State of Delaware. Defendant admits that it was Decedent's employer while the Decedent was in the course and scope of his employment for Defendant at the Suncor refinery.  Defendant denies that its principal place

of business is in Texas. Defendant further denies that any of its members is a resident of the State of Texas. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

## FACTS

8. Defendant denies the allegations in the first sentence of paragraph 8 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

## CLAIMS

20. Defendant adopts the responses to the allegations in prior paragraphs of this Answer in response to paragraphs 1 through 19 of the Complaint.

21. Defendant denies the allegations in the second paragraph numbered paragraph 19 of the Complaint, including all subparts (a) through (q).

22. Defendant denies the allegations in paragraph 20 of the Complaint.

23. Defendant denies the allegations in paragraph 21 of the Complaint.

24. Defendant denies the allegations in paragraph 22 of the Complaint.

25. Defendant admits that Plaintiffs are seeking certain damages in this case but denies that Plaintiffs are entitled to recover such damages, in response to paragraph 23 of the Complaint.

26. Defendant denies the allegations in paragraph 24 of the Complaint.

27. Defendant denies the allegations in paragraph 25 of the Complaint.

28. Defendant denies the allegations in paragraph 26 of the Complaint.

## JURY TRIAL

29. Defendant admits that Plaintiffs have demanded a trial by jury. Defendant also demands a trial by jury.

## PRAYER

30. Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

31. Defendant is entitled to have the Court and jury apply the doctrine of proportionate responsibility or comparative negligence established by Texas or Colorado law to reduce any claim against Defendant.

32. Plaintiffs' damages may have been caused in whole or in part by Decedent's pre-existing condition or physical susceptibility to any chemical exposure.

33. Plaintiffs may not recover any damages that did not result from the occurrence in question.

34. Defendant invokes its right to a reduction of any verdict that may be rendered in this case by credit for payments made by other persons or by percentage reduction to which Defendant would be entitled.

35. Plaintiffs' damages may be barred in whole or in part by the one satisfaction rule if they receive payments for damages allegedly sustained in the accident that is the basis of this case by settlement or otherwise.

36. To the extent applicable, Defendant hereby invokes the limitation on the recoverability of medical expenses pursuant to Section 41.0105 of the Texas Civil Practices and Remedies Code, including but not limited to, that recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Decedent.

37. To the extent applicable, Defendant hereby invokes the limitation on the recoverability of lost earnings and loss of earning capacity pursuant to TEX. CIV. PRAC. & REM. CODE § 18.091. Further, if Plaintiffs seek recovery for loss of earnings, loss of earning capacity and/or loss of contributions of a pecuniary value, the Court should instruct the jury as to whether any recovery for such compensatory damages sought by Plaintiffs is subject to federal or state income taxes.

38. The acts or omissions of other parties or third parties over whom Defendant had no control or right of control were a new and independent cause of Plaintiffs' damages.

39. The acts or omissions of other parties or third parties over whom Defendant had no control or right of control were the sole cause of Plaintiffs' damages.

40. Plaintiffs' damages were caused in whole or in part by the acts or omissions of other parties or third parties over whom Defendant had no control or right of control.

41. Plaintiffs' damages were caused by a superseding or intervening cause that bars recovery against Defendant.

42. In the unlikely event that Plaintiffs recover against Defendant under more than one theory of recovery, Plaintiffs must elect their remedy.

43. To the extent applicable, Defendant is entitled to submit the conduct of any applicable "responsible third parties" to the jury pursuant to TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq*. including, but not limited to, sections 33.003 and 33.004.

44. Plaintiffs' damages, if any, were caused by an unavoidable accident.

45. Defendant will show that any award of interest that is more than the applicable market rate of interest during the relevant time period would be arbitrary, violate public policy, and violate the due process and equal protection guarantees of the Texas and United States Constitutions.

46. Any award of non-economic damages in this case is barred in whole or in part by Colo. Stat. Ann. § 13-21-102.5.

47. Any award of exemplary damages is subject to and limited by Chapter 41 of the Texas Civil Practices and Remedies Code including, but not limited to, Sections 41.006, 41.007 and 41.008 and Colo. Stat. Ann. § 13-21-203.

48. Any award of exemplary damages in this case against Defendant would violate Defendant's right to due process of law under the federal and Texas or Colorado constitutions.

49. Plaintiffs' claims are barred in whole or in part by the exclusive remedy provisions of the Texas and/or Colorado workers compensation laws.

50. To the extent applicable, Plaintiffs' claims are barred by the constitutional provisions of the Constitution of the State of Texas and/or The State of Colorado.

51. Plaintiffs have failed to state a claim upon which relief can be granted against Defendant.

52. This Court does not have personal jurisdiction over Defendant. The Court does not have general personal jurisdiction over Defendant because Defendant is a company organized under the laws of Delaware, with its principal place of business in Massachusetts. No member of Defendant is a citizen or resident of Texas. The Court does not have specific personal jurisdiction over Defendant because Plaintiffs' causes of action did not arise from or directly related to Defendant's contacts with Texas, or that those contacts are sufficient to satisfy due process. Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(2).

53. Venue is not proper in this Court under 28 U.S.C. § 1391(b)(1), as Plaintiffs allege because all Defendants are not residents of Texas, and none in this Judicial District, as defined in section 1391(c)(2). Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(3).

54. In the alternative, the Court should transfer this case to the United States District Court for the District of Colorado under 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest of justice.

WHEREFORE, PREMISES CONSIDERED, Defendant HPC Industrial Services, LLC requests that Plaintiffs Tiffany Valentine, as representative of the estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, individually and as Next Friend and natural Mother of S.L.-D.B, the minor child of Decedent Kurtis Williams take nothing against Defendant HPC Industrial Services, LLC and that Defendant HPC Industrial Services, LLC have and recover its costs of Court. Finally, Defendant HPC Industrial Services, LLC requests all other relief, legal or equitable, general or special, to which Defendant HPC Industrial Services, LLC may show itself justly entitled.

Respectfully submitted,

By : /s/ Raymond A. Neuer
     Raymond A. Neuer
     State Bar No. 14928350
     Federal Bar No. 11085
Sheehy, Ware, Pappas & Grubbs, P.C.
909 Fannin Street, Suite 2500
Houston, Texas 77010
713.951.1000 – telephone
713.951.1199 – facsimile
Email: rneuer@sheehyware.com

***Attorneys for Defendants HPC Industrial Services, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on July 11, 2023.

By: */s/ Raymond A. Neuer*
     Raymond A. Neuer