# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Tiffany Valentine, as representative of the Estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, as Next Friend of S.L.-D.B., the minor child of Kurtis R. Williams; | § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 423-cv-2153 |
| Clean Harbors Deer Park, LLC; Suncor Energy (U.S.A) Inc., Suncor Energy Marketing, Inc.; Suncor Energy (U.S.A.) Marketing, Inc.; and Kevin Fleming; | § § § § § § § | JURY DEMAND |
| *Defendants* | § | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANTS

TO: Defendant, *HPC Industrial Services, LLC (f/k/a HydroChem LLC)* by and through its attorneys of record, Raymond A. Neurer, SHEEY SHEEHY, WARE, PAPPAS & GRUBBS, P.C. 909 Fannin Street, Suite 2500, Houston, Texas 77010

Defendant, *Suncor Energy (U.S.A.) Inc.* by and through its attorney of record, Justin E. VandenBout, BROTHERS, NORTON ROSE FULBRIGHT US LLP, 1301 McKinney, Suite 5100, Houston, Texas 77010-3095

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs requests that Defendants HPC Industrial Services, LLC (f/k/a HydroChem LLC) ("HPC") and Suncor Energy (U.S.A.) Inc. ("Suncor") respond to Plaintiff's interrogatories and produce for inspection and copying the documents and tangible things requested. Defendant shall file written responses to this request within thirty (30) days after the date of service. Defendant shall provide the requested

documents for inspection and copying at the law offices of Arnold & Itkin LLP, 6009 Memorial Drive, Houston, Texas 77007.

## I.

## **Definitions and Instructions**

1. The terms "you," "your," "yours," "Defendant" or "Defendants" shall mean, unless otherwise specified in a particular request, the Defendants named in this lawsuit and/or any agent, representative, employee, your insurance providers, their agents, their employees, your attorneys, your accountants, your investigators, or any individual and/or entity action on your behalf.

2. The terms "document" or "documents" shall mean all documents and tangible things, in the broadest sense allowed under the Illinois Code of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

3. You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. This includes, but is not limited to, documents in the possession, custody, control of you, your attorneys, agents, employees, investigators, consultants, and experts, as well as any firm, subsidiary, parent, affiliated, or related entity, and any other entity or business in which you own a controlling interest or over which you exercise control. You are required to use reasonable diligence to locate the documents, including those that are not in your immediate possession. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

4. With respect to hard copy or paper production, all documents responsive to this request shall be produced in their original form.

5. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original documents being produced.

6. Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

7. This Document Request requires you amend or supplement your production of documents called for by this Document Request.

8. In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

9. Plaintiff(s) requests that you provide a privilege log containing the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff(s) requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

10. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

11. Responsive Electronically Stored Information ("ESI") shall be produced in native form; that is, in the form in which the information and/or documents were customarily created, used, and stored by the native application employed by you in the ordinary course of business.

a. If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, You may produce in a near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure or functionality as compared to the native form. Static image production formats serve as near-native alternatives only for documents which are natively static images (i.e., photographs and scans).

b. The table below supplies examples of native or near-native forms in which specific types of ESI should be produced:

| SOURCE ESI | NATIVE FORM(S) SOUGHT |
| --- | --- |
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG, .PDF |

| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard). |
| --- | --- |
| | For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. |
| | For Lotus Notes mail, furnish .NSF files or convert to .PST. |
| | If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |

    c.    You need only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer regarding programmatic database productions as necessary.

    d.    Individual documents requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the un-redacted portions of the item.

    e.    You need not produce identical documents in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata and utility of a document must all be considered in determining whether documents are identical, and items reflecting different information shall not be deemed identical.

    f.    Production should be made using appropriate electronic media of your choosing provided that the production media chosen not impose an undue burden or expense upon Plaintiff(s) or Plaintiff(s)' counsel as recipients. You must, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

    g.    Each document produced shall be uniquely identified by naming the item to correspond to a Bates identifier according to the following protocol:

i. The first fourteen (14) characters of the filename will reflect a unique alphanumeric designation identifying the party making production and the case;

ii. The next ten (10) characters, beginning with an underscore, will be a unique, consecutive numeric value assigned to the item by the producing party. This value shall be padded with leading zeroes as needed to preserve its length;

iii. The final five (5) characters are reserved to a sequence beginning with a dash (-) followed by a four digit number reflecting pagination of the item when printed to paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

iv. By way of example, a Microsoft Word document produced by Acme Corporation in its native format might be named: ACME_VMESHSDCA_000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier ACME_VMESHSDCA_000000123-0006.

h. Documents designated Confidential may, at your option:

i. Be separately produced on electronic production media prominently labeled to identify the contents as confidential; or, alternatively,

ii. Each such designated document shall have appended to the file's name (immediately following its Bates identifier) the following protective legend:~CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_ CAUSE_MDL-14-0123

i. You shall furnish a delimited load file supplying the metadata field values listed below for each document produced (to the extent the values exist and as applicable):

| **FIELD** |
| --- |
| BeginBates |
| EndBates |
| BeginAttach |
| EndAttach |
| Custodian/Source |
| Source File Name |
| Source File Path |
| From/Author |
| To |
| CC |
| BCC |
| Date Sent |
| Time Sent |
| Subject/Title |
| Last Modified Date |

| |
|---|
| Last Modified Time |
| DOCUMENT Type |
| Redacted Flag (yes/no) |
| Hidden Content/Embedded Objects Flag (yes/no) |
| Confidential flag (yes/no) |
| MD5 Hash value |
| Hash De-Duplicated Instances (by full path) |

j.  Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

k.  Respond to each request for production by listing the unique identifier (Bates-style) numbers/ranges of responsive documents produced.

l.  If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (1) the date, name and subject matter of the document; (2) the name, employment and title of each person who prepared, received, reviewed, or had possession, custody, or control of the document; (3) all persons with knowledge of the contents or any portion of the contents of the document; (4) the previous location of the document; (5) the date of disposal or transfer of the document; (6) the reason for disposal or transfer of the document; and, if applicable, (7) the manner of disposal of the document; or, if applicable, (8) the names and addresses of the transferees of the document.

m.  It is required that all documents and/or other data compilations which might impact on the subject matter of this litigation be preserved and that any ongoing process of documents destruction involving such documents cease. In those instances where document destruction has already taken place, it is requested that the documents that would have been relevant to the following discovery request be identified as well as the date of destruction and the individual authorizing, ordering and/or carrying out the destruction.

n.  If you believe that a complete response to any request would require the disclosure of confidential health information, the disclosure of which you believe is prohibited by the Health Insurance Portability and Accountability Act (HIPAA) or other law, Plaintiff will accept responses that are redacted to comply with such law but that are otherwise complete. Plaintiff expressly reserves the right to challenge any such redaction.

o.  Your response to each Request for Production should include the unique identifier numbers/ranges that identify the documents responsive to that particular request. For instance, if, in response to Request for Production No. 3, you are producing 50 documents, your response should identify the unique identifier numbers for those 50 documents.

12. The terms "and/or," "or," and "and" are used inclusively, not exclusively.

13. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

14. The terms **"identify"** or **"identity"** when used herein means:

a. With respect to a **natural person**, all that you know or that you can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

b. With respect to an **entity or organization which is not a natural person**, all that you know or that you can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

c. With respect to **documents**, all that you know or that you can determine about title, type of documents, date, author, addressee, recipients, any identifying numbers on such documents, substance of its contents, subject matter, present location, present custodian, and each person who has possession, custody, or control over each copy of each document.

d. With respect to a **physical object**, all that you know or that you can determine about its common name, identifying number(s), manufacturer and date of manufacture of the object.

e. With respect to an **event**, all that you know or can determine about the date, time, place, participants, actions taken, and results obtained.

15. The terms **"custodial document," "custodial documents," "custodial file," or "custodial files"** shall mean all documents maintained by your current employees and past employees (while they were employed). For example, custodial documents include each document on and/or in an individual employee's computer, voice mail, office desk, office filing cabinet or storage system, file storage maintained by that person outside of his/her office, and any other location in which that employee keeps or kept documents. If you have failed to preserve or no longer have custodial documents for any current or past employee implicated by these Requests, please comply with Instruction 5 above.

16. The terms **"communication"** or **"communications"** includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

17. The term **"information"** should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

18. The terms **"person"** or **"persons"** includes, without limitation, a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

19. The terms **"entity"** or **"entities"** includes, without limitation, any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

20. The terms **"expert," "experts," "expert witness,"** or **"expert witnesses"** shall mean any

person or entity who may be called upon as an expert witness at trial and any person or entity used for consultation who is not expected to be called as a witness at trial, but whose opinions, work product, or mental impressions have been reviewed or relied upon by a testifying expert.

21. The terms **"concerning"** or **"relating to"** shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

22. The terms "describe" or "describing" when used in reference to any documents or tangible evidence includes, without limitation, stating the title or name, date, time, author of documents, the common name, identifying number, manufacturer and date of manufacture of any object and the name and address of the person(s) having possession, custody, or control of such at the present time.

23. The terms **"evidencing"** shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

24. The term **"damages"** shall mean all claims for relief alleged by Plaintiff in the latest Complaint.

25. The terms **"accident", "incident", or "occurrence"** shall mean, unless otherwise indicated, the events leading to Mr. Williams death on or about February 28, 2023, which give rise to this lawsuit.

26. **"Facility"** shall refer to Suncor Energy (U.S.A.), Inc.'s facility in Commerce City, Colorado.

**If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## II.

### INTERROGATORIES

1. Please identify by name all persons employed or hired by you that are located in Texas, based in Texas, or are residents of Texas and state their job title or, in the case of a non-natural person, a summary description of the work the person performed. Please also see the definition of the term "person" above.

2. Please identify all actions in Texas in any court—including county courts, district courts, federal courts, and justices of the peace involving the judicial branch—to which you have been a party including the parties' names, the case number, and specify the court in Texas where the case was filed. This includes all lawsuits concerning exposure to toxic fumes or gases from the Commerce City, Colorado facility.

3. Describe in detail every contract which you have entered into in the last ten years where at least one party to the agreement is based, located, domiciled, and/or headquartered in Texas.

4.  Describe all marketing or advertising efforts undertaken by you in or directed to the state of Texas in the past ten years, including efforts to recruit employees or contractors to work for you.

5.  Please describe any activities, including work activities, you or your employees have performed in Texas in the last ten years, and identify the employees conducting those activities.

6.  Identify any interest (owned, leased, etc.) you have and/or had in any asset of any type, including real property you own, rent, or lease, located and/or situated in Texas at any time in the last ten years.

7.  Describe any communications or meetings between you and any other party in this litigation in the last ten years where one party was located in Texas, including the identity of the persons involved, purpose, date, and location of the communication or meeting. Please see the definition of the term "communication" above.

8.  Please describe how you hired Kurtis Williams (either as an employee or contractor), where the events occurred, and who was involved.

## III.

### REQUESTS FOR PRODUCTION

1.  Produce all contracts with any person you identified in response to Interrogatory No. 3.

2.  Produce all communications relating to this incident with any person you identified in response to Interrogatory No. 1, 5, 7, and 8.

3.  Produce all contracts relating to any event you identified in response to Interrogatory No. 3, 4, 6, 8.

4.  Produce all communications relating to any event you identified (including with any person physically located in Texas) in response to Interrogatory No. 7, 8.

5.  Produce all marketing or advertising documents or communications related to your response to Interrogatory No. 4.

6.  Produce copies of documents identifying all real property in Texas that is owned, leased, or managed by you within the last ten years, including any properties identified in response to Interrogatory No. 6.

7.  Produce copies of any lawsuit (limited to the complaint, answer) relating to any case where you were named as a Defendant or sued as a Plaintiff in the State of Texas for the last 20 years, including any lawsuits identified in Interrogatory No. 2.

**DATED: July 25, 2023**

           **ARNOLD & ITKIN LLP**

           */s/ Noah M. Wexler*
           Jason A. Itkin
           State Bar No. 24032461
           Noah M. Wexler
           State Bar No. 24060816
           6009 Memorial Drive
           Houston, Texas 77007
           Telephone: (713) 222-3800
           Facsimile: (713) 222-3850
           jitkin@arnolditkin.com
           nwexler@arnolditkin.com
           e-service@arnolditkin.com

           **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this day of July 25, 2023.

           */s/Noah M. Wexler*
           Noah M. Wexler