IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tiffany Valentine, as representative of the Estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, as Next Friend of S.L.-D.B., the minor child of Kurtis R. Williams; § § § § § § | | |
| *Plaintiffs*, § | | |
| v. § | CIVIL ACTION NO. 4:23-cv-2153 | |
| § | | |
| Clean Harbors Deer Park, LLC; Suncor Energy (U.S.A) Inc., Suncor Energy Marketing, Inc.; Suncor Energy (U.S.A.) Marketing, Inc.; and Kevin Fleming; § § § § § § | JURY DEMAND | |
| *Defendants* § | | |

**PLAINTIFFS' RESPONSE TO DEFENDANT HPC INDUSTRIAL SERVICES LLC'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(2) AND 12(B)(3), OR IN THE ALTERNATIVE, MOTION TO CHANGE VENUE PURSUANT O 28 U.S.C. § 1404(A)**

The Court should deny HPC Industrial Services LLC's ("HPC") Motion to Dismiss for lack of jurisdiction under Rules 12(b)(2) and 12(b)(3) because:[1]

- Plaintiff has shown more than the *prima facie* evidence required to survive a Rule 12(b)(2) motion because HPC (formerly known as HydroChem, LLC) is at "home" in Texas when: (i) HPC uses 900 Georgia Avenue, Deer Park, Texas, as its mailing address with the Texas Secretary of State; (ii) HPC advertises the same Texas address on its website as its "contact us" address; (iii) HPC uses the same Texas address on its social media; (vi) HPC uses the same Texas address on the W2 is issued to Mr. Williams; and (v) HPC has accepted the jurisdiction of Texas courts more than once,

---

[1] HPC's motion is premature. Plaintiffs issued targeted jurisdictional discovery and seek 60 days to conduct the depositions of the Defendants' corporate representatives on jurisdictional issues. (Doc. 29).

including filing a lawsuit there in 2019 (and alleging Texas as its principal place of business).

- And, Plaintiffs have properly alleged facts to support specific jurisdiction because, as described above, HPC does business from Texas, and Plaintiffs' claims arise from or relate to that business because Mr. Williams was recruited in Texas by a Texas company (HPC) then injured by the acts or omissions of that Texas company in the scope of his employment for that Texas company.

In addition, the Court should deny HPC's Motion to Transfer Venue under 28 U.S.C. § 1404(a) because:

- A plaintiff's initial choice of venue is entitled to deference, and "the degree of deference is higher when he has chosen his home venue." *J & J Sports Prods., Inc. v. Riviera*, No. CIV. A. H-10-1138, 2010 WL 3447719 at *2 (S.D. Tex. Aug. 30, 2010) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 255–56 (1981)).

- HPC offers *zero* evidence, which is obviously insufficient to "meet the significant burden to show good cause for transfer as required under Volkswagen." *Camacho v. Torres*, 1:21-CV-146, 2023 WL 2810848, at *3 (S.D. Tex. Apr. 6, 2023).

- None of the private or public interest factors "clearly" weigh in favor of transferring away from Plaintiffs' chosen venue when: HPC is from Texas, Plaintiffs are from Texas, the parties counsel are all located in Texas, Texas has a substantial interest in having this localized interest (the death of a Texas resident due in part to the negligence of a Texas company) decided at home, Houston is a convenient city for all traveling non-parties, and HPC has not adduced evidence of inconvenience for holding a trial in Texas.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

**A.     Plaintiffs (Who Are Texans) Sued in Texas Against Mr. Williams's Texas Employer**

This case arises from the death of a Texas resident and citizen Kurtis Williams. Mr. Williams was exposed to dangerous chemicals and fumes while working for HPC—his Texas based employer who recruited and hired him in Texas. He was working temporarily at Suncor's facility in Commerce City, Colorado. Defendants knew that the plant had been leaking Hydrogen Sulfide but failed to keep Mr. Williams safe. On February 28, 2023, Mr. Williams was found dead, alone in his hotel room. He left behind a family who adored him, and a newborn baby.

As a result, on May 5, 2023, Plaintiffs brought this action to recover for his wrongful death in the 270th Judicial District Court of Harris County, Texas, naming Suncor entities as the owners and operators of the plant, and Mr. Williams' believed employer. (Doc. 1-1 at 2-3). Defendants removed the original action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. (Doc. 1). Based on diligent search and the representations of counsel, Plaintiffs filed their First Amended Complaint on July 7, 2023, and named the current Defendants to this lawsuit: Suncor (the owner and operator of the plant) and HPC (Mr. Williams's Texas employer).

Plaintiffs, two adults and one representative of a minor child, are all residents of Houston. (Doc. 10 at 3, ¶5). Moreover, Mr. Williams was residing in Houston at the time of his death, and was doing so when he was recruited by HPC, a Houston based company, to work for them at the job site temporarily in Colorado. (*Id.*)

A.     **HPC's Improper Motion**

On July 11, 2023, HPC moved to dismiss Plaintiffs' claims under Rule 12(b)(2) and 12(b)(3) contending Plaintiffs failed to properly plead jurisdiction. (Doc. 15). Alternatively, HPC contends that the Court should transfer this case under 28 U.S.C. § 1404(a) to a federal court in Colorado. *Id.* To survive the motions to dismiss, Plaintiffs need only make a *prima facie* showing of jurisdiction. And Plaintiffs easily exceed the low bar. Plaintiffs have alleged that HPC's "headquarters are in Harris County, Texas," (Doc. 10 at 3, ¶7), and subject to this court's jurisdiction as follows:

> This Court has personal jurisdiction because each of the Defendants has systemic and ongoing contacts with the State of Texas; is registered to conduct business in the state of Texas; and conducts substantial business in Texas such that each Defendant is at home in the state. Additionally, this Court has specific personal jurisdiction over each of the Defendants because the Defendants' activities in Texas give rise to or relate to the plaintiffs' claims. Those activities include but are not limited to: (1) planning work at the Suncor Commerce City Refinery (the "Subject Plant"); (2) negotiating and executing contracts for work at the Subject Plant; (3) selecting, recruiting, and hiring companies and individuals to perform work at the Subject Plant; (4) creating, modifying, amending, or establishing the policies and procedures at the Subject Plant; (5) setting and performing the training at the Subject Plant; and, for Defendant HPC Industrial Services LLC, (6) directing from Houston the work activities, safety procedures, and health monitoring, of an entire Houston-based work crew at the Subject Plant, of which the Decedent was one member.

(Doc. 10 at 2, ¶3).

Additionally, publicly available information (including multiple admissions by HPC) confirms HPC's principal place of business is in Texas, and that these claims arise from and are related to its recruitment and supervision of Mr. Williams from Texas. *See*, Ex. 1 (Franchise Account Tax Status), Ex. 2 (HPC Website), Ex. 3 (West Virginia Secretary of State—online data services), Ex. 4 (Mr. Williams's W2), Ex. 5 (*HydroChem LLC v. Evoqua Water Technologies*), Ex. 6

4

(*Rosas v. Hydrochem*). Plaintiff accordingly has made a *prima facie* showing of specific and general personal jurisdiction. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).

Nonetheless, HPC additionally argues that this Court should transfer this case to the District of Colorado under 1404(a). (Doc. 15 at 5, ¶15). HPC justifies its entire motion with a single sparse paragraph, *rather than evidence*. This alone requires denial. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) ("the moving litigant must make more than a general allegation" regarding the relevance of the factors to be considered). Regardless, the public and private interest factors, as well as the heavy preference for Plaintiffs' chosen forum, weigh in favor of denial as well.

Accordingly, this Court should deny HPC's Motion in all respects.

## II.

## THE COURT SHOULD DENY HPC'S RULE 12(B)(2) MOTION TO DISMISS

**A.     Rule 12(b)(2) Legal Standard**

As this Court is aware, jurisdictional analysis is "equitable and highly fact-specific." *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991). At the Rule 12(b)(2) stage the court accepts the plaintiff's uncontroverted allegations as true and resolves all conflicts in the evidence in the plaintiff's favor. *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 295 (5th Cir. 2020). When a Rule 12(b)(2) motion is determined without discovery and an evidentiary hearing, the plaintiff need only make a prima facie case for personal jurisdiction. *See Diagnostic Affiliates of N.E. Hou, LLC v. Aetna, Inc.*, 2:22-CV-00127, 2023 WL 1772197, at *2 (S.D. Tex. Feb. 1, 2023) (citing *Walk Haydel & Assocs., Inc.*

*v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)).[2] A prima facie showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record. *Guidry,* 188 F.3d at 625.

"A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). Thus, plaintiff's prima facie burden is to show that the nonresident defendant has purposefully established "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Jurisdiction may be general or specific. The former requires "continuous and systematic" forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum. The latter obtains when a defendant "purposefully direct[s]" his activities toward the state and the plaintiff's claim "aris[es] out of or [is] related to" the

---

[2] Only when the case proceeds to an evidentiary hearing or trial dies the plaintiff's burden escalate to preponderance of the evidence in order to support a judgment. *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000).

6

defendant's forum contacts. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 777–78 (5th Cir. 2018) (citations omitted).

The Court has both general *and* specific jurisdiction over HPC here.

**B.     The Court Has General Jurisdiction Because HPC's Principal Place of Business is in Texas**

General jurisdiction exists where the defendant's contacts with the forum state are "'so continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). As for a corporation, general jurisdiction is proper "in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Frank v. P N K (Lake Charles) LLC*, 947 F.3d 331, 337 (5th Cir. 2020).

The Court has general jurisdiction over HPC here because Texas is the state where HPC has its principal place of business. Publicly available information confirms that HPC is at home in Texas and this its principal place of business is in Texas. And HPC admits as much. HPC has accepted the jurisdiction of Texas courts on multiple occasions, including filing a lawsuit here in 2019 with an admission that Texas is it's principal place of business:

> 2.     Plaintiff HydroChem is a limited liability company with its principal place of business in Deer Park, Harris County, Texas.

*See* Ex. 5 (*HydroChem LLC v. Evoqua Water Technologies*). HPC answered a lawsuit in Texas state court as recently as May 25, 2023. *See* Ex. 6 (*Rosas v. Hydrochem*).

Should the Court need more, according to the Texas Secretary of State, 's mailing address is *900 Georgia Avenue, Deer Park, Texas*. Ex. 1 (Franchise Tax Account Status).[3] This is the same "contact us" address HPC advertises on its website. Ex. 2 (HPC Website).[4] And HPC specifically uses this Texas address on its social media.[5] Even Mr. Williams' W2, sent to him by HPC (f/k/a HydroChem, LLC) uses the Georgia Avenue address.



Ex. 4 (Mr. Williams' W2).

These facts are more than enough *prima facie* evidence of the Court's jurisdiction, particularly when the Court views the facts in the light most favorable to Plaintiffs, as the Court must. Accordingly, the Court should deny HPC's Motion.

C.  **The Court Also Has Specific Jurisdiction Because Mr. Williams Died As a Result of Being Recruited and Working for HPC**

Even less demanding minimum contacts establish specific jurisdiction. The Court considers two co-equal components: (i) whether the defendant has performed some act by which

---

[3] With the West Virginia Secretary of State, HPC listed the Deer Park address as its "Principal Office." *See* Ex. 3 (West Virginia Secretary of State—online data services) (found at https://apps.sos.wv.gov/business/corporations/organization.aspx?org=170263.)

[4] https://www.hpc-industrial.com/.

[5] *See* https://www.facebook.com/HydroChemPSC/.

it purposefully avails itself of the privilege of conducting activities within the forum State; and (ii) whether the plaintiff's claims "arise out of or relate to the defendant's contacts" with the forum. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 209 L. Ed. 2d 225 (Mar. 25, 2021) (citations omitted).

### 1. *HPC purposefully availed itself of Texas by conducting business in Texas.*

A defendant purposefully avails itself of a forum if it "deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Ford*, 209 L. Ed. 2d at 1025 (cleaned up). All of the contacts with Texas described above, also show that HPC deliberately conducted many activities in Texas. is registered to do business in Texas; it maintains a Texas address; it directs its online customers to contact it in Texas; it uses its Texas address as its principal place of business; it pays employees from that Texas address; and it conducts its business in Texas courts. There is no doubt HPC has purposefully availed itself of the privilege of conducting activities in Texas.

### 2. *Plaintiffs' claims arise from and relate to HPC's Texas contacts, including hiring and supervising Mr. Williams.*

The relatedness component is also satisfied. The Supreme Court's decision in *Ford* confirmed that the relatedness requirement does not require "a strict causal relationship between the defendant's in-state activity and the litigation[.]" *Id.* at 1026. Rather, there need only exist "an affiliation between the forum and the underlying controversy[.]" *Id.* Here Plaintiff has alleged that recruited and hired a Texan—the decedent Mr. Williams—in Texas. And among other things, Plaintiffs have alleged directed from Houston the work activities, safety procedures, and health monitoring, of an entire Houston-based work crew at the Subject Plant, of which the

9

Decedent was one member. Plaintiffs' injuries thus both arise from and are related to HPC's contacts with Texas.

### D. HPC Has Not Shown Jurisdiction is Unfair—Nor Could They

"Once the plaintiff has made out a prima facie showing under the first prong [minimum contacts], the burden shifts to the defendant to show, under the second prong of the constitutional due process inquiry, that the exercise of jurisdiction would not comply with 'fair play' and 'substantial justice.'" *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed. Cir. 1995)). To show that the exercise of jurisdiction is unfair and unreasonable, the defendant must make a "compelling case." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).[6]

HPC makes no argument that jurisdiction here offends the traditional notions of fair play and substantial justice—and it has presented zero evidence to meet its burden. The Court should thus reject any post-hac argument by on this second prong for this reason alone. But also, it is very unusual to conclude that the exercise of jurisdiction is unfair after there has been a showing of sufficient minimum contacts. *Akro*, 45 F.3d at 1549 (describing it as "rare" that the plaintiff's and forum state's interests in adjudicating a case would be so attenuated as to be clearly outweighed by any burden on the defendant). This is not one of those rare occasions.

---

[6] Several factors relate to traditional notions of fair play and substantial justice: "(1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Felch v. Transportes Lar–Mex SA De CV*, 92 F.3d 320, 324 n.9 (5th Cir. 1996) (quotation marks omitted).

## III.

## THE COURT SHOULD DENY TRANSFER UNDER 28 U.S.C. § 1404(A)

**A.     Section 1404(a) Legal Standard**

The venue statute, 28 U.S.C. § 1391, allows plaintiffs, with some restrictions, to choose where to file suit. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312–13 (5th Cir. 2008) (en banc) ("Volkswagen II"). "For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). First, the district court must consider "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I"). Second, a court must consider "both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case." *In re NGL Marine*, 2020 WL 3000757, at *1.

Importantly, the plaintiff's choice of forum prevails unless the "movant show[s] the transferee venue is clearly more convenient." *Mata v. Freeport McMoran Inc.*, No. 3:15-cv-00155, 2016 WL 6037237, at *2 n.2 (S.D. Tex. Oct. 14, 2016) (internal quotation marks omitted). "The party seeking transfer must prove both elements." *Vodicka v. Ermatinger*, No. 3:19-cv-56, 2021 WL 2917035, at *1 (N.D. Tex. July 12, 2021). Plaintiffs' choice of venue thus places a "significant burden on the movant to show good cause for the transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. If the moving party fails to meet this standard, the Court must respect Plaintiff's choice in venue. *Id.*; *see also Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) ("When

11

the transferee venue is not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected.").

### B. The Private and Public Interest Factors Do Not Mitigate in Favor of Transfer

HPC has brought *zero* evidence for this Court to consider on any of the private interest and public interest factors the Fifth Circuit uses to determine whether transfer is for the convenience of the parties and in the interest of justice. *Volkswagen*, 545 F.3d at 315. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* (internal quotation marks and citation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (alteration in orig.) (internal quotation marks and citation omitted). The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* If "the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *see also Volkswagen II*, 545 F.3d at 315.

In its Motion, HPC does little more than provide a conclusory restatement of a few of the private interest factors laid out in Volkswagen. (Doc. 15 at 5, ¶ 16). But Plaintiffs nonetheless

12

consider the factors which, on the record provided by HPC (or lack thereof), do not "clearly" weigh in favor of transfer. Accordingly, their motion should be denied.

### 1. *HPC fails to establish that the private interest factors favor transfer.*

#### a. **The relative ease of access to sources of proof does not favor transfer.**

"The first [private interest] factor focuses on the location of the relevant 'documents and physical evidence' relative to the transferee and transferor venues." *In re Orion Marine Constr., Inc.*, 2020 WL 8083679, at *3 (S.D. Tex. Dec. 21, 2020) (citation omitted). HPC has identified no specific evidence in this case that is more accessible in Colorado. To the extent HPC argues documents are located at the accident site, they are easily transferred by electronic means to any forum. *Texas v. U.S. Dept. of Homeland Sec.*, 6:23-CV-00007, 2023 WL 2457480, at *5 (S.D. Tex. Mar. 10, 2023) ("the vast majority of the evidence will be electronic, so it will be equally accessible in any forum."). Further, for the reasons discussed in Section II, supra, HPC's principal place of business is located in Texas, its principal officers are located in Texas, and accordingly its documentary evidence relating to Plaintiff is likely to be located in Texas. *See* Ex. 3, Ex. 4. And any evidence from Plaintiffs will also be from their home state, Texas. As for physical evidence, the parties may conduct site inspections and there is no indication a jury site visit or any other physical evidence is inconvenient for a Texas trial. Thus, the ease of access to sources of proof at least weighs in both directions, and such a tie cannot be said to overcome HPC's "significant burden." *See Grp. 1 Auto., Inc.*, 2020 WL 4004604 at *2.

      **b.    The availability of compulsory process to secure the attendance of witnesses does not favor transfer.**

On the second factor, HPC has not identified any relevant witnesses at all, let alone any witness who would be unwilling to testify. "[T]he availability of compulsory process receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *Texas v. U.S. Dept. of Homeland Sec.*, 6:23-CV-00007, 2023 WL 2457480, at *5 (S.D. Tex. Mar. 10, 2023) (citing *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630-31 (5th Cir. 2022)). And the majority of witnesses are likely to be employees of the Defendants, such that compulsion is unnecessary. Given the lack of any indication this factor is relevant, it is at most neutral, and does not support transfer. *See generally Aptim Corp. v. McCall*, 888 F.3d 129, 136 (5th Cir. 2018) (court may find a factor neutral in a non-exhaustive multifactor test).

      **c.    The cost of attendance for willing witnesses does not favor transfer.**

As to the cost of attendance for willing witnesses, HPC has once again failed to identify any witnesses at all, let alone "key" witnesses who would fit this description—which alone mitigates against transfer. *In re Planned Parenthood Fedn. of Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022) (citing *Texas v. U.S. Dept. of Homeland Sec.*, 6:23-CV-00007, 2023 WL 2457480, at *5 (S.D. Tex. Mar. 10, 2023)). "To designate a potential witness as 'key' under the inquiry, the movant must specifically identify the key witnesses and outline the substance of their testimony." *Hillestad v. LLOG Expl. Co., LLC*, 2018 WL 4938708, at *4 (S.D. Tex. Sept. 20, 2018) (internal quotation marks omitted). It is not enough for the party seeking transfer to simply allege, in conclusory fashion, "that the key witnesses are inconveniently located." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). Rather, "[t]he moving party must 'specifically

14

identify key witnesses and outline the substance of their testimony.'" *Id.* at 775 (quoting *Hupp v. Siroflex of Am., Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)); *see also Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 710 (S.D. Tex. 2011) (rejecting defendants' general allegations that certain witnesses are needed and concluding that location of witnesses "does not favor transfer"); *see also Johns L. Firm, LLC v. Pawlik*, 4:22-CV-01441, 2023 WL 2457493, at *5 (S.D. Tex. Mar. 10, 2023). Even if litigating elsewhere would be more convenient for some unnamed, unidentified witnesses, that "is not enough to justify transfer." *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022).

        **d.    Other practical problems that make a trial easy, expeditious, and inexpensive do not favor transfer.**

HPC has identified no other practical problems to justify transfer. To the contrary, there are at least two reasons to keep the case in Texas. First, two of the three parties of from Texas, and transfer would only serve to shift the alleged inconveniences from HPC to Plaintiffs. *See Mohamed*, 90 F. Supp. 2d at 775. ("Another consideration…is where the only result is to shift the balance of inconveniences from the moving party to the non-moving party.") Second, counsel for both Defendants and for Plaintiffs are located in Houston. Given counsels' location, trial in Houston would be far less expensive for the parties and lawyers than trial in Colorado. This practical consideration further weighs against transfer. *See Johns L. Firm, LLC v. Pawlik*, 4:22-CV-01441, 2023 WL 2457493, at *5 (S.D. Tex. Mar. 10, 2023).

> ### 2. *HPC fails to establish that the public interest factors clearly weigh in favor of transfer.*

As deficient as HPC's private interest justifications are, their public interest argument amounts to the single statement that "[i]t also may be that Colorado will apply to some of the issues in this case" (Doc. 15 at 5, ¶16). HPC makes no argument for why Colorado law "may" apply—and this Court has certainly not yet heard argument or entered an order on such a matter. Likewise, the vague and unsubstantiated claim that Colorado law "may" apply is certainly not enough to establish that Colorado is "clearly" more convenient. *See Grp. 1 Auto., Inc.*, 2020 WL 4004604 at \*2; *see also Valenzuela v. Ford Motor Co.*, 2006 WL 2620425, \*1 (S.D. Tex. Sept. 11, 2006) (denying transfer where defendants' arguments were insufficient to "meet the required burden").

Even so, other public interest factors weigh in favor of the Plaintiff's choice of their home forum. Most importantly, the local jurisdiction (Texas) has a substantial interest in having this localized interest (the death of a Texas resident due in part to the negligence of a Texas company) decided at home. *See Volkswagen*, 545 F.3d at 315. That two out of three parties in this litigation reside in Texas mitigates against transfer. *Targeted J., Inc. v. Garland*, 6:23-CV-00003, 2023 WL 3149239, at \*1 (S.D. Tex. Mar. 18, 2023) ("This suggests that the local interest in having localized interests decided at home"). Also at least part of the relevant "acts giving rise to the lawsuit," including the hiring and supervision of Mr. Williams, occurred within both venues, which disfavors transfer. *Johns L. Firm, LLC v. Pawlik*, 4:22-CV-01441, 2023 WL 2457493, at \*6 (S.D. Tex. Mar. 10, 2023). Moreover, there is no reason to believe that this court will have any difficulty in handling this case; Texas has four judicial districts to Colorado's one, and this Court

16

has already quickly and efficiently entered a Docket Control Order. (*See* Doc. 18); *see also In re Planned Parenthood Fedn. of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022) (noting some courts have held that this factor is "speculative.").

***

In sum, HPC has failed to meet its "significant burden" of proving that a significantly more convenient venue exists as to all parties and witnesses. *See Grp. 1 Auto., Inc. v. Aetna Life Ins. Co.*, No. 4:20-CV-1290, 2020 WL 4004604 at *2 (S.D. Tex. July 15, 2020) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). Indeed, HPC has not identified *any* evidentiary basis for transferring the case. This lack of reasoning and evidence is not sufficient to "meet the significant burden to show good cause for transfer as required under Volkswagen." *Camacho v. Torres*, 1:21-CV-146, 2023 WL 2810848, at *3 (S.D. Tex. Apr. 6, 2023) (citing *Cantrell v. City of Murphy*, No. 6:09-cv-225, 2010 WL 786591, at *5 (E.D. Tex. Mar. 1, 2010)). And as stated above, a court must not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Goodman Co. v. A & H Supply, Inc.*, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005) (internal quotation marks and citation omitted).

## IV.

### CONCLUSION

For these reasons, the Court should deny HPC's motion to dismiss and motion to transfer venue.

**DATED: July 28, 2023**

        ARNOLD & ITKIN LLP

        */s/ Noah M. Wexler*
        Jason A. Itkin
        State Bar No. 24032461
        Noah M. Wexler
        State Bar No. 24060816
        6009 Memorial Drive
        Houston, Texas 77007
        Telephone: (713) 222-3800
        Facsimile: (713) 222-3850
        jitkin@arnolditkin.com
        nwexler@arnolditkin.com
        e-service@arnolditkin.com

        **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above instrument was forwarded to all counsel of record under the Federal Rules of Civil Procedure on this day of July 28, 2023.

        */s/Noah M. Wexler*
        Noah M. Wexler