# EXHIBIT 5

Case 4:23-cv-02153   Document 31-5   Filed on 07/28/23 in TXSD   Page 2 of 9

6/5/2019 2:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34128987
By: VERONICA GONZALEZ
Filed: 6/5/2019 2:59 PM

CAUSE NO. 2019-23641

| | | |
|---|---|---|
| HYDROCHEM LLC, KYLE LENG, § | | IN THE DISTRICT COURT OF |
| and JOHN BRITTON § | | |
| *Plaintiffs* § | | |
| § | | |
| VS. § | | HARRIS COUNTY, TEXAS |
| § | | |
| EVOQUA WATER TECHNOLOGIES, LLC § | | 151st JUDICIAL DISTRICT |
| *Defendant* § | | |

## PLAINTIFFS' FIRST AMENDED PETITION

Plaintiffs, HydroChem LLC ("HydroChem"), Kyle Leng ("Leng"), and John Britton ("Britton") file their First Amended Petition against Defendant, EvoQua Water Technologies, LLC ("EvoQua").

## I.
## DISCOVERY PLAN

1.  Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

2.  Plaintiff HydroChem is a limited liability company with its principal place of business in Deer Park, Harris County, Texas.

3.  Plaintiff Leng is an individual residing in Minnesota.

4.  Plaintiff Britton is an individual residing in Michigan.

5.  Defendant, EvoQua, is a Delaware limited liability company with its principal place of business in Pennsylvania, registered to do business in Texas, and will be served with this pleading by serving its attorney of record in accordance with Tex. R. Civ. P. 21 and 21a.

### III.
### JURISDICTION AND VENUE

6. This Court has jurisdiction over all parties and claims to this case. The amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is proper in Harris County, Texas, because Harris County is the county in which all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred. Harris County, where HydroChem has its principal offices, is where Defendant issued its cease and desist correspondence; Britton also reports to HydroChem's Harris County office; general personal jurisdiction exists over Defendant in Harris County.

7. Plaintiffs seek non-monetary relief in a declaratory judgment and monetary relief over $100,000 but not more than $200,000.

### IV.
### FACTS

8. After being sourced by a third party recruiter, HydroChem offered employment to Leng on February 20, 2019 and Britton on February 18, 2019, who were employed or previously employed by EvoQua.

9. While employed by EvoQua's predecessor, ProAct Services Corporation ("ProAct"), Leng and Britton each executed a Stock Option Agreement (collectively, the "SOAs"). *See Exhibit A*. Evoqua alleges the SOAs contain post-employment restrictions.

10. On March 25, 2019, EvoQua sent a letter to HydroChem, stating that HydroChem's employment of Leng and Britton violated Leng and Britton's contractual obligations to EvoQua. EvoQua also alleged that HydroChem may be tortiously interfering with Leng's and Britton's contractual obligations to EvoQua. EvoQua demanded that HydroChem

withdraw its offers of employment to Leng and Britton or otherwise terminate any employment relationship with them. ***Exhibit B***.[1]

11.   EvoQua does not have enforceable, reasonably limited, post-employment restrictive covenants with Leng and Britton.  The SOAs provide in relevant part:

> In consideration of the Option, in the event that: (a) the Company terminates the Participant's employment for Cause; (b) the Participant terminates his or her employment with the Company without Good Reason; or (c) a Liquidity Event is consummated (in each case, a "Qualifying Termination Event"), for the period commencing on the date of the Qualifying Termination Event and ending on the second (2nd) anniversary of the Qualifying Termination Event, the Participant shall not … directly or indirectly:

> (i) engage or invest in, own, manage, operate, finance or provide financial assistance to, control, participate in the ownership, management, operation, financing or control of, be employed by, associated with, or in any manner connected with, lend the Participant's name or any similar name to, lend the Participant's credit to, or render services or advice to, any business, company or enterprise whose products, services or activities compete in whole or in part with the products, services or activities of the Company or any of its Affiliates anywhere in the geographic area described on Exhibit A…

*See* ***Exhibit A***.

Exhibits A of the SOAs include all of the following territories, without regard to whether Leng or Britton conducted any business there on behalf of EvoQua:

> Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada., New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, US Virgin Islands

*See* Exhibit A to ***Exhibit A***.

---

[1] Although EvoQua alleges that Leng and Britton are prohibited from accepting employment from HydroChem for "a period of two year[s] after their resignations," (***Exhibit B***) a Qualifying Termination Event triggering any alleged post-employment restrictions actually occurred in June 2018 with the sale of ProAct to EvoQua.

3

12. The non-compete restrictions contained in these agreements are overbroad and not reasonably limited to protect the business interests of EvoQua, but rather, are illegal restraints of trade. As such, Leng and Britton cannot breach the covenants as written, and HydroChem has not tortiously interfered with Leng and Britton's contractual obligations, if any, to EvoQua.

13. Moreover, EvoQua and/or ProAct have represented to Leng and Britton several times that the post-employment restrictions in the SOAs are not enforceable. Indeed, several former employees with similar SOAs have left their employment with EvoQua to work at competitive companies with no action taken by EvoQua. Relying on EvoQua's representation and conduct, Leng and Britton believed they were entitled to seek employment elsewhere, including with HydroChem. EvoQua should be estopped from enforcing the SOAs against Leng and Britton. Otherwise, EvoQua's selective enforcement of its SOAs indicates that the restrictive covenants are greater restraints than necessary to protect its business interests, if any, which further supports why the SOAs cannot be enforced as written.

14. Pursuant to the SOAs, Plaintiffs Britton and Leng were also guaranteed certain financial incentives through their stock options. *See* **Exhibit A.** However, upon the sale of ProAct, EvoQua did not fully pay the financial incentives owed to both Britton and Leng. Currently, Leng is owed approximately twenty-thousand dollars ($20,000) in an amount that was held back from the sale of ProAct, and Britton is owed approximately forty-thousand dollars ($40,000).

15. While employed at ProAct, Leng had also entered into a Tuition Assistance Agreement with ProAct, where ProAct agreed to provide financial assistance to Leng while he pursued his Masters in Business Administration. *See* ***Defendant's First Amended Original Answer, Affirmative Defenses, Counterclaims, and Requests for Disclosure ¶¶11-13.*** Upon

4

EvoQua acquiring ProAct, EvoQua refused to continue to pay for Leng's tuition, despite Leng's previous agreement with ProAct. This damaged Leng as he had to pay $29,860 to the school in order to graduate. If ProAct/Evoqua had kept their promise to Leng, then these amounts paid by Leng would have been credited to his outstanding obligations to it, if any. Finally, because of the tuition assistance, ProAct refused to provide Leng with a car allowance, which he would have otherwise been entitled to. This has also caused him damages.

16. In its March 25, 2019 letter, EvoQua also made allegations regarding a potential violation of a third contract. ***Exhibit B***. In February 2018, Littlejohn & Co., LLC ("Littlejohn"), an equity sponsor or owner of HydroChem, entered into a Confidentiality Agreement with Raymond James & Associates, Inc. regarding the disclosure of information to facilitate Littlejohn's potential acquisition of ProAct. As part of that agreement, Littlejohn undertook certain obligations, including not hiring certain ProAct employees for a defined period of time. EvoQua now alleges that HydroChem's hiring of Leng and Britton violates that Confidentiality Agreement. However, Leng and Britton were engaged, sourced, and hired though a third-party recruiter, and the third-party recruiter was not directed by HydroChem or Littlejohn to contact Leng or Britton. Further, HydroChem did not use any evaluation material to hire Leng or Britton, and HydroChem's use of a third-party recruiter is explicitly excepted as a violation of the Confidentiality Agreement.

## V.
## CAUSES OF ACTION

### COUNT ONE – DECLARATORY JUDGMENT

17. All previous paragraphs are incorporated herein by reference.

18. There is a justiciable controversy regarding the rights and status of the parties, and a declaration would resolve the controversy. Specifically, Pursuant to Texas Civil Practice and Remedies Code 37.01 et seq., Plaintiffs seek a declaration, that:

   (a) EvoQua's SOAs are overbroad and unenforceable as written;

   (b) HydroChem's employment of the Leng and Britton do not constitute a breach of Leng and Britton's contractual obligations, if any, to EvoQua;

   (c) EvoQua is estopped from enforcing the SOAs against Leng and Britton;

   (d) HydroChem did not breach or interfere with any Confidentiality Agreement between Littlejohn and ProAct; and

   (e) HydroChem has not tortiously interfered with the SOAs.

## COUNT TWO – ATTORNEY FEES

19. All previous paragraphs are incorporated herein by reference.

20. EvoQua's actions have made it necessary for Plaintiffs to employ the undersigned attorneys to represent them, and they have agreed to pay a reasonable fee in relation to the amount of work expended by their counsel in this cause. Pursuant to Section 37.001 *et seq.,* of the Texas Civil Practice & Remedies Code, Plaintiffs are entitled to recover from EvoQua all reasonable attorney's fees in an amount to be determined, along with conditional awards in the event of any and all appeals.

## COUNT THREE – BREACH OF CONTRACT

21. All previous paragraphs are incorporated herein by reference.

22. Britton and Leng were parties to written contracts with ProAct, the SOAs, which involved valid and enforceable financial incentives through stock options for both Plaintiffs. Upon the sale of ProAct, EvoQua held back money that rightfully belonged to Britton and Leng, in violation of the contracts Britton and Leng had with ProAct.

23. Because of EvoQua's actions, Britton and Leng are entitled to recover their actual damages caused by EvoQua's breach of contract.

24. Additionally, Leng was a party to a written contract with ProAct, the Tuition Assistance Agreement, which involved valid and enforceable terms that would allow for Leng to pursue his Masters in Business Administration through the financial assistance of ProAct. Upon the sale of ProAct, EvoQua refused to continue to honor this agreement between ProAct and Leng, in violation of the Tuition Assistance Agreement.

25. Because of EvoQua's actions, Leng has suffered actual damages caused by EvoQua's breach.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that they be granted:

(1) a declaration that (a) EvoQua's SOAs are overbroad and unenforceable as written; (b) HydroChem's employment of the Leng and Britton does not constitute a breach of Leng or Britton's contractual obligations to EvoQua; (c) EvoQua is estopped from enforcing the SOAs against Leng and Britton; (d) HydroChem did not breach or interfere with any Confidentiality Agreement between Littlejohn and ProAct; and (e) HydroChem has not tortiously interfered with the SOAs.

(2) fees incurred in the trial of this matter, together with a conditional award in the event of any and all appeals;

(3) judgment against Defendant for all costs of court; and

(4) such other and further relief, special or general, at law or in equity, to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ W. Jackson Wisdom*
W. Jackson Wisdom
State Bar No. 21804025

        James M. Cleary, Jr.
        State Bar No. 00783838
        Sylvia Ngo
        State Bar No. 24067100
        Cesar Escalante
        State Bar No. 24096049
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: 713.632.1700
Facsimile: 713.222.0101

**ATTORNEYS FOR PLAINTIFFS, HYDROCHEM LLC, KYLE LENG AND JOHN BRITTON**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded by email in accordance with the Texas Rules of Civil Procedure on this the 5th day of June 2019, to the following:

| | |
|---|---|
| C. Thomas Kruse | *Via Email: tom.kruse@bakermckenzie.com* |
| Courtney E. Giles | *Via Email: courtney.giles@bakermckenzie.com* |
| Katie L. Zinecker | *Via Email: katie.zinecker@bakermckenzie.com* |

BAKER & MCKENZIE LLP
700 Louisiana, Suite 3000
Houston, Texas 77002

        */s/ James M. Cleary, Jr.*
        James M. Cleary, Jr.