# EXHIBIT 6

1/25/2023 9:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72116441
By: Britani Mouton
Filed: 1/25/2023 9:30 AM

## CAUSE NO. 2022-75533

| | | |
|---|---|---|
| **RODOLFO ROSAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **333RD JUDICIAL DISTRICT** |
| | § | |
| **CLEAN HARBORS, INC., CLEAN** | § | |
| **HARBORS INDUSTRIAL SERVICES,** | § | |
| **INC., HPC INDUSTRIAL SERVICES,** | § | |
| **INC., HPC INDUSTRIAL GROUP,** | § | |
| **LLC, ENTERPRISE FM TRUST,** | § | |
| **ENTERPRISE FLEET MANAGEMENT** | § | |
| **INC., AND EDWARD PAL** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

### DEFENDANTS CLEAN HARBORS, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL GROUP, LLC, AND EDWARD PAL'S ORIGINAL ANSWER AND VERIFIED DENIAL TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Defendants CLEAN HARBORS, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL GROUP, LLC, and EDWARD PAL, and file this their Original Answer and Verified Denial to Plaintiff's Original Petition and would respectfully show as follows:

## I. GENERAL DENIAL

Defendants hereby enters a general denial to all allegations in Plaintiff's Original Petition ("Petition") and demand strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

## II. SPECIFIC AND AFFIRMATIVE DEFENSES

### A.

Pleading further, or in the alternative, no act or omission of Defendants was a proximate cause of Plaintiff's alleged injuries.

**B.**

To the extent the evidence shows that Plaintiff failed to act as ordinarily prudent person, Defendants assert their right to show that the incident complained of in Plaintiff's Petition was a result of the negligence and carelessness on the part of the Plaintiff, and Plaintiff was contributorily negligent or solely negligent on the occasion in question, and that his negligence proximately caused the incident in question.

**C.**

Pleading further and subject to the foregoing without waiving the same, Defendants assert that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom these Defendants have no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiff's damages.

**D.**

Defendants invoke all rights, remedies and elections afforded them pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code regarding contribution, indemnity, comparative and/or proportionate responsibility to the extent the same are or may be applicable.

**E.**

Pleading further, or in the alternative, Defendants would show, in the unlikely event that any liability be found on the part of Defendants, that such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Plaintiff, Co-Defendants and/or Responsible Third-Parties.

**F.**

Pleading further, Defendants, still urging and relying on the matters set forth above, assert that to the extent that alleged past medical expenses of Plaintiff exceeds the amount actually paid

on Plaintiff's behalf, Section 41.0105 of the Texas Civil Practice & Remedies Code applies to limit

Plaintiff's recovery of such past medical expenses, if any. Therefore, the recovery of medical or

healthcare expenses incurred by the Plaintiff is limited to no more than the amount actually paid

by or on behalf of the Plaintiff. *See Haygood v. De Escobedo*, 356 S.W.3d 390 (Tex. 2011).

### G.

Pleading further, or in the alternative, Defendants assert that the occurrence in question

was the result of a new, independent and intervening cause, unforeseeable to the Defendants.

### H.

Pleading further, or in the alternative, Defendants allege that subsequent and precedent to

any conduct on their part, whether active or passive, there was intervening and superseding

conduct on the part of third parties or other parties, persons or entities, and that such conduct on

the part of the other entities acts as a total bar to the claim that is being made or that could be made

by Plaintiff in this case.

### I.

Pleading further, or in the alternative, without waiving any of the foregoing, Defendants

would show that the damages complained of were the result of pre-existing conditions and not due

to any negligence by Defendants.

### J.

Pleading further, Defendants allege pre-judgment interest should be calculated on the

shortest length of time permitted by law. Defendants further assert that prejudgment interest is not

calculated on future interest. *See* TEX. FIN. CODE § 304.1045. If it should be necessary, Defendants

further assert that pre-judgment interest is not calculated on exemplary damages. *See* TEX. CIV.

PRAC. & REM. CODE § 41.007. Defendants further plead that Section 304.105 of the Texas

Financial Code applies when settlement offers have been made. *See* TEX. FIN. CODE § 304.105.

## K.

To the extent Plaintiff is seeking to recover either lost wages or reduced wage-earning capacity, then Plaintiff must prove the loss(es) in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to applicable federal income tax law. TEX. CIV. PRAC. & REM. CODE § 18.091.

## L.

For further answer, and subject to the preceding paragraphs herein, and without waiving same, Defendants would further show that injuries, if any, of which Plaintiff complains, were the result of circumstances and events outside of, and beyond Defendants' control. If the events alleged in fact occurred, they were the result of events which intervened such that the conduct of Defendants was not the proximate cause of any injuries to Plaintiff, as that term is defined by the laws of the State of Texas.

## M.

Defendants, pleading in the alternative if necessary, assert the bifurcated trial provisions of Texas Civil Practice & Remedies Code Chapter 72. Section 72.052 provides that the trier of fact shall determine liability for and the amount of compensatory damages in the first phase of a bifurcated trial; and, the trier of fact shall determine liability for and the amount of exemplary damages in the second phase of a bifurcated trial.

### III. VERIFIED DENIAL

Defendants Clean Harbors, Inc., Clean Harbors Industrial Services, Inc., and HPC Industrial Services, Inc. deny that they are correct parties to the lawsuit.

Defendant Clean Harbors Industrial Services, Inc. is no longer in existence and did not exist at the time of the accident.

## IV. NOTICE UNDER TEX. R. CIV. P 193.7

Defendants notify Plaintiff of their intention to use any document produced during discovery without the necessity of authenticating the document.

## V. REQUIRED DISCLOSURES

Plaintiff is required to disclose, within thirty (30) days of the first answer or general appearance in this lawsuit, the information and material described in Texas Rule of Civil Procedure 194.2.

## VI. JURY DEMAND

Defendants demand a trial by jury on all issues.

WHEREFORE, Defendants, CLEAN HARBORS, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL GROUP, LLC, and EDWARD PAL pray that Plaintiff, Rodolfo Rosas, take nothing, that Plaintiff's suit be dismissed with prejudice, that Defendant recover its costs from Plaintiff and for all other relief to which Defendant is entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Kent M. Adams*
**KENT M. ADAMS**
State Bar No. 00869200
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Danielle.Hollis@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010

(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEYS FOR DEFENDANTS
CLEAN HARBORS, INC., CLEAN HARBORS
INDUSTRIAL SERVICES, INC., HPC
INDUSTRIAL SERVICES, INC., HPC
INDUSTRIAL GROUP, LLC, AND
EDWARD PAL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on January 25, 2023.

*/s/ Kent M. Adams*

## VERIFICATION

STATE OF TEXAS            §

COUNTY OF HARRIS          §

On this day, _1/25/23_ appeared before me, the undersigned notary public, and, after being by me first duly sworn, stated that he has read the foregoing Original Answer and Verified Denial and that the factual allegations stated therein are within his personal knowledge and are true and correct.

_____ as Representative of
Clean Harbors, Inc., Clean Harbors Industrial
Services, Inc., and HPC Industrial Services,
Inc.

SUBSCRIBED AND SWORN TO before me this the 24th day of January, 2023.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

ERIN M CURRAN
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires On
April 04, 2026

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Niki Fischer on behalf of Kent Adams
Bar No. 869200
niki.fischer@wilsonelser.com
Envelope ID: 72116441
Status as of 1/25/2023 10:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason A.Itkin | | e-service@arnolditkin.com | 1/25/2023 9:30:39 AM | SENT |
| Cory D.Itkin | | coryteam@arnolditkin.com | 1/25/2023 9:30:39 AM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 1/25/2023 9:30:39 AM | SENT |
| Niki Fischer | | niki.fischer@wilsonelser.com | 1/25/2023 9:30:39 AM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 1/25/2023 9:30:39 AM | SENT |

5/24/2023 12:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75959057
By: Alan Robledo
Filed: 5/24/2023 12:50 PM

## CAUSE NO. 2022-75533

| | | |
|---|---|---|
| **RODOLFO ROSAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **333RD JUDICIAL DISTRICT** |
| | § | |
| **CLEAN HARBORS, INC., CLEAN** | § | |
| **HARBORS INDUSTRIAL SERVICES,** | § | |
| **INC., HPC INDUSTRIAL SERVICES,** | § | |
| **INC., HPC INDUSTRIAL GROUP,** | § | |
| **LLC, ENTERPRISE FM TRUST,** | § | |
| **ENTERPRISE FLEET MANAGEMENT** | § | |
| **INC., AND EDWARD PAL** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANT HPC INDUSTRIAL SERVICES, LLC'S STIPULATION AND MOTION TO BIFURCATE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant HPC INDUSTRIAL SERVICES, LLC (improperly identified as HPC Industrial Services, Inc.) and files this its Stipulation and Motion to Bifurcate Pursuant to Tex. Civ. Prac. & Rem. Code **§72.052**, and for cause therefore would show to this Honorable Court the following:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit derives from a two vehicle accident that occurred on October 6, 2022 ("Accident in Question") in Harris County, Texas. Plaintiff alleges Defendant Edward Pal ("Pal") was negligent in the operation of the vehicle he was operating on the occasion in question, and his negligence caused injuries to Plaintiff. Further, Plaintiff alleges Defendant Pal was acting in the course and scope of his employment with HPC Industrial Services, LLC ("HPC") at the time of the accident. Plaintiff also alleges that HPC was independently liable for its negligent entrustment

and training and supervision of Defendant Pal, and that such negligence caused injuries to Plaintiff on the date of the Accident in Question. Plaintiff has also asserted gross negligence against Pal and HPC.

Defendant HPC filed its Original Answer to this litigation on January 25, 2023. Therefore, this stipulation and motion have been filed timely in accordance with Tex. Civ. Prac. & Rem. Code § 72.052(b).

## II.
## STIPULATION AND MOTION TO BIFURCATE

Defendant HPC moves this Court to bifurcate this trial, pursuant to Texas Civil Practices and Remedies Code § 72.052(a) which provides in relevant part "in a civil action under this subchapter, on motion by defendant, the court shall provide for a bifurcated trial under this section."

Further, § 72.054 provides in relevant part that "an employer defendant's liability for damages caused by the ordinary negligence of a person operating the defendant's commercial vehicle shall be based only on respondeat superior, if the defendant stipulates, within the time provided by section 72.052 for filing a motion to bifurcate that, at the time of the accident, the person operating the vehicle was: (1) the defendant's employee; and (2) acting within the scope of employment."

Defendant HPC stipulates that on the occasion in question Defendant Pal was an employee of Defendant HPC as defined by Tex. Civ. Prac. & Rem. Code § 72.051(6), and was acting within the course and scope of his employment with HPC. Accordingly, Plaintiff may not, in the first phase of the trial, present evidence on an ordinary negligence claim against the employer defendant, HPC, that requires a finding by the trier of fact that Defendant Pal was negligent in operating a vehicle as a prerequisite to Defendant HPC being found negligent in relation to

Defendant Pal's operation of the vehicle.

Defendant HPC invokes the remaining provisions of Chapter 72, Liability of a Motor

Vehicle Owner or Operator.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant HPC Industrial Services, LLC,

pursuant to the provisions of Chapter 72, Liability of a Motor Vehicle Owner or Operator, of the

Texas Civil Practices and Remedies Code, moves this Court to bifurcate this trial according to the

provisions of Chapter 72, and for such other and further relief as which Defendant may show itself

justly entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**


*/s/ Danielle L. Hollis*
**KENT M. ADAMS**
State Bar No. 00869200
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Danielle.Hollis@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEYS FOR DEFENDANTS
CLEAN HARBORS, INC., CLEAN HARBORS
INDUSTRIAL SERVICES, INC., HPC
INDUSTRIAL SERVICES, LLC., HPC
INDUSTRIAL GROUP, LLC, AND
EDWARD PAL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on May 24, 2023.

*/s/ Danielle L. Hollis*

**CAUSE NO. 2022-75533**

| | | |
|---|---|---|
| **RODOLFO ROSAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **333RD JUDICIAL DISTRICT** |
| | § | |
| **CLEAN HARBORS, INC., CLEAN** | § | |
| **HARBORS INDUSTRIAL SERVICES,** | § | |
| **INC., HPC INDUSTRIAL SERVICES,** | § | |
| **INC., HPC INDUSTRIAL GROUP,** | § | |
| **LLC, ENTERPRISE FM TRUST,** | § | |
| **ENTERPRISE FLEET MANAGEMENT** | § | |
| **INC., AND EDWARD PAL** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

## <u>ORDER GRANTING DEFENDANT HPC INDUSTRIAL<br>SERVICES, LLC'S MOTION TO BIFURCATE</u>

ON THIS DAY, came to be heard Defendant HPC Industrial Services, LLC's Stipulation

and Motion to Bifurcate. The Court, having considered the motion, response, if any, and the

arguments of counsel, the Court is of the opinion that said motion is meritorious and should in all

things be GRANTED. It is therefore,

ORDERED, ADJUDGED, and DECREED that Defendant HPC Industrial Services, LLC's

Motion to Bifurcate is GRANTED. It if further,

ORDERED, ADJUDGED, and DECREED that this trial shall be bifurcated and evidence

shall be presented in accordance with §§ 72.052 and 72.054 of the Texas Civil Practice and

Remedies Code.

Signed this _____ day of _____ 2023.

_____
JUDGE PRESIDING

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Niki Fischer on behalf of Kent Adams
Bar No. 869200
niki.fischer@wilsonelser.com
Envelope ID: 75959057
Filing Code Description: Motion (No Fee)
Filing Description: HPC's Stipulation and Motion to Bifurcate
Status as of 5/24/2023 3:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason A.Itkin | | e-service@arnolditkin.com | 5/24/2023 12:50:10 PM | SENT |
| Cory D.Itkin | | coryteam@arnolditkin.com | 5/24/2023 12:50:10 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 5/24/2023 12:50:10 PM | SENT |
| Niki Fischer | | niki.fischer@wilsonelser.com | 5/24/2023 12:50:10 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 5/24/2023 12:50:10 PM | SENT |