IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY VALENTINE, As Representative of the Estate of Kurtis R. Williams; JOYCE WILLIAMS; and STARR BROOKS, As Next Friend of S.L.-D.B., the Minor Child of Kurtis R. Williams | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-2153 |
| CLEAN HARBORS DEER PARK, LLC; SUNCOR ENERGY (U.S.A.) INC.; SUNCOR MARKETING INC.; SUNCOR ENERGY (U.S.A.) MARKETING INC.; and KEVIN FLEMING | § § § § § § | (Jury trial demanded in State Court) |

**RESPONSE OF DEFENDANT HPC INDUSTRIAL SERVICES, LLC
TO PLAINTIFFS' MOTION TO REMAND**

*To the Honorable Charles Eskridge, United States District Judge:*

Defendant HPC Industrial Services, LLC ("HPC") files this Response to Plaintiffs' Motion to Remand.

**STATEMENT OF THE CASE**

1. Plaintiffs Tiffany Valentine, as representative of the Estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, Individually and as Next Friend and natural mother of S.L.-D.B., minor child (collectively "Plaintiffs") are the representatives of the estate, and surviving family members, of Kurtis R. Williams ("Decedent"). They brought this action initially against Clean Harbors Deer Park LLC ("Clean Harbors"); Kevin Fleming; Suncor Energy (U.S.A.) Inc. ("Suncor"); Suncor Energy Marketing Inc; and Suncor Energy (U.S.A.) Marketing Inc. in the District Court of Harris County, Texas to recover damages allegedly sustained while Decedent

was working at a refinery in Commerce City, Colorado. (Doc. 1 at Ex. B). Plaintiffs claim generally that Kurtis R. Williams was exposed to toxic chemicals at the refinery that led to his death.

2. In their original Petition in state court, Plaintiffs claimed that Clean Harbors was Decedent's employer at the time of the alleged exposure. Plaintiffs also claimed that Mr. Fleming and Clean Harbors were citizens of Texas. Mr. Fleming and Clean Harbors removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on June 13, 2023. (Doc. 1). The removal was based in part on improper joinder of Clean Harbors as a Defendant because the company was not Decedent's employer and was not involved in the work at the refinery. In addition, contrary to Plaintiffs' allegations, Mr. Fleming was and is a citizen of Louisiana.

3. When Plaintiffs realized their mistake, they amended their Complaint on July 7, 2023, adding HPC as a Defendant. They dropped the other improperly joined Defendants, except for Suncor Energy (U.S.A.) Inc., from the case. (Doc. 10). They assert that Suncor is the owner and operator of the refinery where Decedent was working in Colorado. The practical effect of the amended pleading is that HPC and Suncor are the only two Defendants remaining in the case.

4. Plaintiffs filed a motion to remand the case back to state court. (Doc. 20). The basis of the motion is that HPC is a citizen of Texas under Section 1332. They concede that Suncor is a diverse Defendant, which is true given that it is a corporation organized under the laws of Delaware with its principal place of business in Colorado. (Doc. 10 at 6). Plaintiffs also effectively concede in their motion to remand that HPC is a limited liability company organized under the laws of Delaware because they do not argue otherwise. Plaintiffs limited their argument for remand to a single issue: HPC's principal place of business. They argue that HPC has its principal place of business in Texas, which would defeat complete diversity because Plaintiffs are citizens of Texas.

5. Plaintiffs submitted three exhibits in support of the argument that HPC is a citizen of Texas based on its principal place of business. Plaintiffs' arguments lack merit. This Court has subject matter jurisdiction over this case.

### ARGUMENT

6. HPC agrees that the Court has jurisdiction under section 1332 if there is complete diversity of citizenship between Plaintiffs and Defendants. (Motion to Remand at 4), *citing Flagg v. Stryker Corp.*, 819 F.3d 132 (5th Cir. 2016). For a natural person, he or she is a citizen of the state where the person is domiciled, that is, where the person has a permanent residence with the intention to remain there indefinitely. *Hollinger v. Home State Mutual Insurance Co.*, 654 F.3d 564 (5th Cir. 2011); *Friedrich v. Davis,* 767 F.3d 374 (3rd Cir. 2014). Evidence of a person's place of residence is *prima facie* proof of his or her domicile. *Hollinger, supra* at 571; *Preston v. Tenet Health System*, 485 F.3d 773, 779 (5th Cir. 2007).

7. In general, a corporation is deemed a citizen of the state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). However, the citizenship of a limited liability company, which would include HPC, is deemed a citizen of a state based on the citizenship of its members. *Wesdom, L.L.C. v. Illinois Tool Works*, 70 F.4th 285 (5th Cir. 2023); *Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077 (5th Cir. 2008); *Trafigura AG v. Enterprise Products Operating, L.L.C.*, 995 F.Supp.2d 641 (S.D. Tex. 2014)(Hittner, J.). Diversity in a removed action is measured based on the citizenship of the parties at the time the action was filed and the date of removal. *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004); *In re: Levy*, 52 F.4th 244, 246 (5th Cir. 2022); *Johnson v. SmithKline Beecham*, 724 F.3d 337 (3rd Cir. 2013). Here, those dates are May 5, 2023, and June 13, 2023. (Doc. 1 at Ex. B).

8. HPC is not a citizen of Texas for three separate and independent reasons: (1) all members of HPC are individuals who are citizens of Massachusetts; (2) even if HPC is subject to the rule for citizenship for corporations, which it is not, HPC's principal place of business is in Massachusetts, not Texas; and (3) Plaintiffs' exhibits do not support their only argument that HPC's principal place of business is in Texas. HPC will discuss each argument briefly.

9. **Citizenship of HPC's members:** As mentioned above, the citizenship of a limited liability company is controlled and determined by the citizenship of its members. The citizenship rule for corporations does not apply to limited liability companies. Here, all members of HPC are individual persons who are permanent residents and citizens of Massachusetts. (Ex. 1). They reside in Massachusetts and have done so continuously since before Plaintiffs filed this action in state court. As a result, based on the citizenship of its members, HPC is considered a citizen of Massachusetts even if HPC's principal place of business is Texas, which it is not.

10. The Supreme Court determined that the rule for corporations' citizenship does not apply to unincorporated entities, holding instead that the citizenship of such entities is determined by the citizenship of their members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (noting "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members" of the "artificial entity."). Every federal circuit has embraced this approach for LLCs, including the Fifth Circuit, which held that an LLC's citizenship is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077 (5th Cir. 2008).[1] It was an issue of first impression for the Court. The Court relied on statutory language

---

[1] *See also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006); *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC,* 692 F.3d 42, 49 (2d Cir. 2012); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (noting the "principal place of business of an unincorporated association," such as an LLC, is "legally irrelevant" to diversity jurisdiction); *General Tech. App., Inc. v. Exro Ltda,* 388 F.3d 114, 120 (4th Cir. 2004); *Delay v. Rosenthal Collins Grp.,* 585 F.3d 1003, 1005 (6th Cir. 2009); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (J. Posner); *GMAC Comm. Credit LLC v. Dillard Dept. Stores,*

and the holdings of other Circuits to conclude that the citizenship of a limited liability company is based on the citizenship of all its members. *Id.* at 1080

11. Several other Courts follow this reasoning. *See Wesdom L.L.C. v. Illinois Tool Works, supra* at 290 n. 3 (the citizenship of a limited liability company is determined not by its business operations but by the citizenship of its members); *Johnson v. SmithKline Beecham, supra* at 350 (Court should focus on the citizenship of the limited liability company's members, not the company's activities). As Judge Hittner concluded in *Trafigura AG v. Enterprise Products Operating L.L.C., supra* at 646, the Court will adhere to the "bright line rule": the citizenship of all unincorporated entities "is determined by the citizenship of each of its underlying members, not by its state of organization or principal place of business." Judge Tipton quoted Judge Hittner and reached the same conclusion in *Williams v. Pipe Pros, L.L.C.,* 2021 WL 951933 *3 (S.D. Tex. March 11, 2021). Indeed, as the Court pointed out in *Grynberg v. Kinder Morgan Energy Partners, L.P.,* 805 F.3d 901 (10th Cir. 2015), the Supreme Court has "firmly resisted" extending the citizenship rule for corporations to other entities. (*Id*. at 905), *quoting Carden*, 494 U.S. at 189.

12. HPC's members are all citizens and permanent residents of Massachusetts. Thus, HPC is a citizen of Massachusetts, even if it has its principal place of business in Texas, which it does not. The reasoning is simple: (1) the citizenship of a limited liability company is governed by the citizenship of all its members, not by its state of organization or principal place of business; (2) all HPC's members are individuals who were citizens of Massachusetts when this case was filed and removed to this Court. Plaintiffs' sole argument in its motion to remand is that HPC's

---

*Inc.*, 357 F.3d 827, 828 (8th Cir. 2004); *3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018); *Grynberg v. Kinder Morgan Energy Partners, L.P.,* 805 F.3d 901 (10th Cir. 2015); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Johnson-Brown v. 2200 M Street LLC*, 257 F.Supp.2d 175, 179-80 (D.C. Cir. 2003) ("There are few legal principles with such a consistent and venerable pedigree as the rule that corporate citizenship is limited to corporations . . . every court that has addressed the citizenship status of LLCs has held unequivocally that LLCs do not enjoy corporate citizenship . . .");

principal place of business is in Texas, which is wrong but also not relevant to the jurisdictional analysis.

13. **HPC's principal place of business:** Even if HPC's citizenship is subject to the rule for corporations, or even if the Court decides that the citizenship of the LLC separate and apart from its members is relevant to the analysis, the Court still has subject matter jurisdiction because HPC's principal place of business is in Massachusetts. Prior to 2010, there was a split of authority about the relevant test to determine a corporation's principal place of business. However, that year, the Supreme Court decided *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). In that case, after a discussion of the various tests developed by the Courts of Appeals, the Court adopted the "nerve center" test. This test defines "principal place of business" as the state where the corporation's high-level officers direct, control and coordinate the corporation's activities. (*Id*. at 92-93). The nerve center will usually be the corporation's headquarters unless the corporation does not conduct operations there. (*Id*. at 93). It is "where the buck stops." *Harrison v. Granite Bay Care, Inc*., 811 F.3d 36, 41 (1st Cir. 2016).

14. Here, all members of HPC are and were permanent residents and citizens of Massachusetts when this case was filed in state court and removed to this Court. They have resided in Massachusetts with the intention of remaining there indefinitely. The high-level officers of the company manage, coordinate, and direct the activities of the company in Massachusetts. Company strategy and important policy decisions are made in Massachusetts. The company approves its budget in Massachusetts. The company makes decisions about key personnel and human resources in Massachusetts. The headquarters of the company are located in Massachusetts where the

company conducts business activities daily. The final decision-makers for HPC are in Massachusetts. Massachusetts is the "nerve center" of HPC.[2]

15.     **Plaintiffs' exhibits:** To support their argument about HPC's principal place of business, Plaintiffs include three exhibits with their motion: (1) a Texas franchise tax account status that includes a mailing address in Texas; (2) a Google map that shows HPC Industrial in Deer Park; and (3) a form from the West Virginia Secretary of State that lists a principal office for HPC in Deer Park. These exhibits hardly show that HPC has its principal place of business in Texas.

16.     First, it makes sense that a Texas franchise account status would have an address in Texas. Even so, having that address is no evidence of HPC's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 96-97 (SEC form that lists company's principal office is not sufficient proof of principal place of business).

17.     Second, the map showing an address for HPC Industrial in Texas does not mean that the office is HPC's principal place of business. Simply attaching a map ignores the corporate history of HPC. In June 2022, Clean Harbors Industrial Services Inc. ("CHISI") merged with HydroChem LLC ("HydroChem"). At the time of the merger, CHISI had several thousand employees throughout the country. The merger combined the HydroChem business with the CHISI business. Prior to the merger, CHISI was headquartered in Norwell, Massachusetts. The merged business changed its name to HPC Industrial Services, LLC on June 30, 2022. After the merger, the executive management with final decision-making authority for HPC was in Massachusetts. This has been the case since the name change on June 30, 2022.

---

[2] See Ex. 1.

18. Third, the form from West Virginia that lists the company's principal office is also not sufficient to establish the company's principal place of business. *Hertz Corp. v. Friend*, *supra*; *Lewis Mechanical Sales v. Union Standard Insurance Group*, 2017 WL 11246844 *5 (S.D. Tex. November 8, 2017)(Tagle, J.)(a form listing corporation's principal place of business is insufficient proof to establish citizenship).[3] The Court should note that this document references the merger and name change describe above in paragraph 17. This document also reflects that HPC is "Member Managed." Of course, as indicated above, all HPC's members reside in Massachusetts.

## CONCLUSION

The Court should deny Plaintiffs' Motion to Remand.

Respectfully submitted,

**SHEEHY, WARE, PAPPAS & GRUBBS, P.C.**

By :  /s/ *Raymond A. Neuer*
      Raymond A. Neuer
      State Bar No. 14928350
      SDTX No. 11085
909 Fannin Street, Suite 2500
Houston, Texas 77010
713.951.1000 – telephone
713.951.1199 – facsimile
Email: rneuer@sheehyware.com

***Attorneys for Defendant HPC Industrial Services, LLC***

---

[3] Plaintiffs also argue that HPC's removal "violates the forum-defendant rule," which only applies to defendants "properly joined and served" at the time of removal who are citizens of the forum state. 28 U.S.C. § 1441(b)(2); (Motion at 5). It does not apply here because: 1) HPC was not a Defendant in the case at the time of removal, 2) HPC is not a Texas resident, and 3) no forum-defendant was properly joined and served at the time of removal. *See Texas Brine Co. v. American Arbitration Association*, 955 F.3d 482 (5th Cir. 2020).

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on August 2, 2023.

                                    By:    */s/ Raymond A. Neuer*
                                                Raymond A. Neuer