**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Tiffany Valentine, as representative | § | |
| of the Estate of Kurtis R. Williams; | § | |
| Joyce Williams; and Starr Brooks, | § | |
| as Next Friend of S.L.-D.B., the minor | § | |
| child of Kurtis R. Williams; | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-2153 |
| | § | |
| Clean Harbors Deer Park, LLC; | § | JURY DEMAND |
| Suncor Energy (U.S.A) Inc., | § | |
| Suncor Energy Marketing, Inc.; | § | |
| Suncor Energy (U.S.A.) Marketing, Inc.; | § | |
| and Kevin Fleming; | § | |
| | § | |
| *Defendants* | § | |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT SUNCOR ENERGY (U.S.A.) INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
AND SUBJECT THERETO, IMPROPER VENUE**

---

### TABLE OF CONTENTS

I.    Summary of the Argument..................................................................5

II.   Factual and Procedural Background...............................................6

III.  The Court Should Deny Suncor's Rule 12(b)(2) Motion to Dismiss .................9

   A.  Rule 12(b)(2) Legal Standard..............................................9

   B.  The Court Has Specific Jurisdiction Because Mr. Williams' Death Arises
       from  and is Related to Suncor's Reach into Texas........................ 10

      *1. Suncor purposefully availed itself of Texas's by conducting business in
         Texas.................................................................... 11*

      *2. Plaintiffs' claims arise from and relate to Suncor's Texas contacts, including
         hiring and supervising Mr. Williams. ...................................... 11*

    **C.  Suncor Has Not Shown Jurisdiction is Unfair—Nor Could They** ................. **14**

**IV.   The Court Should Deny Suncor's Venue Motions** ............................................... **16**

    **A.  The Court Should Deny Suncor's Rule 12(b)(3) Motion Because Jurisdiction is Proper** ................................................................................................... **16**

    **B.  The Court Should Deny Suncor's Section 1404(a) Motion to Transfer Because the Private and Public Interst Factors Don't Support Transfer** ... **17**

        *1. Plaintiffs' venue choice is entitled to deference and Suncor bears the heavy burden of proof.* ......................................................................................... **17**

        *2. Suncor has not shown the private and public interest factors clearly favor transfer.* ...................................................................................................... **18**

**V.   Conclusion** .............................................................................................................. **22**

### TABLE OF AUTHORITIES

                                                                 **Page(s)**

**Cases**

*Akro Corp. v. Luker,*
  45 F.3d 1541 (Fed. Cir. 1995) ................................................................... 14, 15

*Aptim Corp. v. McCall,*
  888 F.3d 129 (5th Cir. 2018) ........................................................................ 20

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.,*
  571 U.S. 49 (2013) ..................................................................................... 5, 16

*Brown v. Slenker,*
  220 F.3d 411 (5th Cir. 2000) .......................................................................... 9

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985). ..................................................................................... 14

*Carter v. M/V Am. Merlin,*
  991 F. Supp. 853 (S.D. Tex. 1998) ............................................................... 12

*Coats v. Penrod Drilling Corp.,*
  5 F.3d 877 (5th Cir. 1993) ................................................................... 5, 12, 14

*Camacho v. Torres,*
  1:21-CV-146, 2023 WL 2810848 (S.D. Tex. Apr. 6, 2023) ...................... 5, 22

*Diagnostic Affiliates of N.E. Hou, LLC v. Aetna, Inc.,*
  2:22-CV-00127, 2023 WL 1772197 (S.D. Tex. Feb. 1, 2023) ........................ 9

*Distributed v. Bruck,*
  30 F.4th 414 (5th Cir. 2022) .................................................................... 19, 23

*E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*,
  948 F.3d 289 (5th Cir. 2020) ................................................................................8, 9
*Felch v. Transportes Lar–Mex SA De CV*,
  92 F.3d 320 (5th Cir. 1996) ....................................................................................14
*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  209 L. Ed. 2d 225 (Mar. 25, 2021) ................................................................. *Passim*
*Freudensprung v. Offshore Tech. Servs., Inc.*,
  379 F.3d 327 (5th Cir. 2004) ..................................................................................14
*Grp. 1 Auto., Inc. v. Aetna Life Ins. Co.*,
  No. 4:20-CV-1290, 2020 WL 4004604 ..............................................................20, 22
*Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*,
  815 S.W.2d 223 (Tex. 1991) .....................................................................................9
*Guidry v. U.S. Tobacco Co., Inc.*,
  188 F.3d 619 (5th Cir. 1999) ....................................................................................9
*Guyton v. Pronav Ship Mgt., Inc.*,
  139 F. Supp. 2d 815 (S.D. Tex. 2001) ....................................................................12
*Hall v. Envtl. Chem. Corp.*,
  64 F. Supp. 2d 638 (S.D. Tex. 1999) ......................................................................11
*Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
  921 F.3d 522 (5th Cir. 2019) ..................................................................................10
*Hillestad v. LLOG Expl. Co.*,
  *2018* WL 4938708 (S.D. Tex. Sept. 20, 2018) ........................................................20
*In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*,
  888 F.3d 753 (5th Cir. 2018) ..................................................................................10
*In re NGL Marine, LLC*,
  4:20-CV-01841, 2020 WL 3000757 (S.D. Tex. June 4, 2020) ..................................19
*In re Orion Marine Constr., Inc.*,
  2020 WL 8083679 (S.D. Tex. Dec. 21, 2020) .........................................................19
*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) ....................................................................19, 20, 22
*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ..................................................................................17
*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ....................................................................19, 20, 22
*Int'l Shoe Co. v. Washington*,
  326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) .......................................................10
*Jackson v. Wal-mart Stores E., L.P.*,
  2018 WL 11443473 (S.D. Tex. June 19, 2018) .........................................................16
*Johns L. Firm, LLC v. Pawlik*, 4:22-CV-01441,
  4:22-CV-01441, 2023 WL 2457493 (S.D. Tex. Mar. 10, 2023)................................21
*Kranos IP Corp. v. Riddell, Inc.*,
  2017 WL 3704762 (E.D. Tex. Aug. 28, 2017) .........................................................16

*Latshaw v. Johnston,*
  167 F.3d 208 (5th Cir. 1999) ........................................................................ 9
*Lauro Salinas v. Subaqueous Services, Inc.,*
  06-023, 2006 WL 8447458 (S.D. Tex. July 7, 2006) .............................. 12, 15
*Luciano v. SprayFoamPolymers.com, LLC,*
  625 S.W.3d 1 (Tex. 2021) ............................................................................ 13
*Mata v. Freeport McMoran Inc.,*
  No. 3:15-cv-00155, 2016 WL 6037237 (S.D. Tex. Oct. 14, 2016) .............. 17
*Mohamed v. Mazda Motor Corp.,*
  90 F. Supp. 2d 757 (E.D. Tex. 2000) ......................................................... 8, 20
*Moncrief Oil Int'l Inc. v. OAO Gazprom,*
  414 S.W.3d 142 (Tex. 2013) ......................................................................... 10
*Pension Advisory Grp., Ltd. v. Country Life Ins. Co.,*
  771 F. Supp. 2d 680 (S.D. Tex. 2011) ......................................................... 20
*Potts v. Cameron Offshore Boats, Inc.,*
  401 F. Supp. 2d 733 (S.D. Tex. 2005) .............................................. 5, 12, 15
*Targeted J., Inc. v. Garland,*
  6:23-CV-00003, 2023 WL 3149239 (S.D. Tex. Mar. 18, 2023) ................... 21
*Texas v. U.S. Dept. of Homeland Sec.,*
  6:23-CV-00007, 2023 WL 2457480 (S.D. Tex. Mar. 10, 2023) ................... 19
*TIGI Linea Corp. v. Prof'l Products Group, LLC,*
  2020 WL 7346721 (E.D. Tex. Nov. 16, 2020) .............................................. 21
*Valero Refin. Co. - Oklahoma v. Comeaux,*
  2022 WL 15505162 (Tex. App.--Hous. [14th Dist.] Oct. 27, 2022) ............. 12
*Vodicka v. Ermatinger,*
  2021 WL 2917035 (N.D. Tex. July 12, 2021) .............................................. 17
*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,*
  517 F.3d 235 (5th Cir. 2008) ......................................................................... 9
*Wien Air Alaska, Inc. v. Brandt,*
  195 F.3d 208 (5th Cir. 1999) ....................................................................... 14
*WNS, Inc. v. Farrow,*
  884 F.2d 200 (5th Cir. 1989) ....................................................................... 10

**Statutes**

28 U.S.C. § 1391 .............................................................................................. 16, 17
28 U.S.C. § 1404(a) ........................................................................................ *Passim*
28 U.S.C. § 1332 ................................................................................................... 6
28 U.S.C. § 1441 ................................................................................................... 6

# I.

## SUMMARY OF THE ARGUMENT

The Court should deny Suncor Energy (U.S.A.) Inc.'s ("Suncor") Motion to Dismiss

for Lack of Personal Jurisdiction under Rules 12(b)(2) and 12(b)(3) because:

- Suncor's pre-discovery jurisdictional challenge is premature. The Court should defer consideration until after jurisdictional discovery so that the Court can decide the issue on a complete record. *See* (Doc. 28).

- "Texas has a strong interest in protecting the health and safety of its citizens, even when they go to work in a neighboring state." *Potts v. Cameron Offshore Boats, Inc.*, 401 F. Supp. 2d 733, 738 (S.D. Tex. 2005). Plaintiffs have made a *prima facie* showing of jurisdiction when Suncor negligently killed Mr. Williams after reaching into Texas to recruit and hire Texas residents including Mr. Williams. *See, e.g., Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993).

In addition, the Court should deny Suncor's alternative Motion to Transfer Venue

under 28 U.S.C. § 1404(a) because:

- Rule 12(b)(3) authorizes dismissal "only where venue is 'wrong' or 'improper' in the forum in which it was brought; because jurisdiction is proper with this Court, venue is proper. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).

- Plaintiffs' initial choice of venue is entitled to deference, Suncor offers *zero* evidence, which is obviously insufficient to "meet the significant burden to show good cause for transfer as required under *Volkswagen*." *Camacho v. Torres*, 1:21-CV-146, 2023 WL 2810848, at *3 (S.D. Tex. Apr. 6, 2023).

- None of the private or public interest factors "clearly" weigh in favor of transferring away from Plaintiffs' chosen venue when: Suncor's co-defendant HPC is from Texas, Plaintiffs are from Texas, the parties counsel are all located in Texas, Texas has a substantial interest in having this localized interest (the death of a Texas resident due in part to the negligence of a Texas company) decided at home, Houston is a

convenient city for all traveling non-parties, and Suncor has adduced zero evidence of inconvenience for holding a trial in Texas.

## II.

### FACTUAL AND PROCEDURAL BACKGROUND

**A.      Plaintiffs (Who Are Texans) Sued in Texas**

This case arises from the death of a Texas resident and citizen Kurtis Williams. Mr. Williams was exposed to dangerous chemicals and fumes while working for HPC Industrial Services, LLC ("HPC")—his Texas based employer who Suncor recruited and hired from Texas. He was working, temporarily, at Suncor's facility in Commerce City, Colorado while living in a hotel. Defendants knew that the plant had been leaking Hydrogen Sulfide during his short time there but failed to keep Mr. Williams safe. On February 28, 2023, Mr. Williams was found dead, alone in his hotel room. He left behind a family who adored him, and a newborn baby.

As a result, on May 5, 2023, Plaintiffs brought this action to recover for his wrongful death in the 270th Judicial District Court of Harris County, Texas, naming Suncor entities as the owners and operators of the plant, and Mr. Williams' believed employer. (Doc. 1-1 at 2-3). Defendants removed the original action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. (Doc. 1). Based on diligent search and the representations of counsel, Plaintiffs filed their First Amended Complaint on July 7, 2023, and named the current Defendants to this lawsuit: Suncor (the owner and operator of the plant) and HPC (Mr. Williams's Texas employer).

Plaintiffs, two adults and one representative of a minor child, are all residents of Houston. (Doc. 10 at 3, ¶5). Moreover, Mr. Williams was residing in Houston at the time of his death and was doing so when Suncore hired HPC, a Houston based company, to work for them at the job site briefly in Colorado. (*Id.*)

## A.    Suncor's Improper Motion

On July 18, 2023, Suncor moved to dismiss Plaintiffs' claims under Rule 12(b)(2) and 12(b)(3) contending Plaintiffs failed to properly plead jurisdiction. (Doc. 23). Alternatively, Suncor contends that the Court should transfer this case under 28 U.S.C. § 1404(a) to a federal court in Colorado. *Id.* To survive the motions to dismiss, Plaintiffs need only make a *prima facie* showing of jurisdiction, a bar they easily exceed.

Plaintiffs have alleged that Suncor "conducts substantial business in Texas and is registered to do business in Texas." (Doc. 10 at 3, ¶6). For example, Suncor contracted with Mr. Williams's employer. . . [HPC] to perform work at the Subject Plant" for a plant restart. (Doc. 10 at 4 , ¶10). And Plaintiffs alleged Suncor is subject to this court's jurisdiction as follows:

> This Court has personal jurisdiction because each of the Defendants has systemic and ongoing contacts with the State of Texas; is registered to conduct business in the state of Texas; and conducts substantial business in Texas such that each Defendant is at home in the state. Additionally, this Court has specific personal jurisdiction over each of the Defendants because the Defendants' activities in Texas give rise to or relate to the plaintiffs' claims. Those activities include but are not limited to: (1) planning work at the Suncor Commerce City Refinery (the "Subject Plant"); (2) negotiating and executing contracts for work at the Subject Plant; (3) selecting, recruiting, and hiring companies and individuals to perform work at the Subject Plant; (4) creating, modifying, amending, or establishing the policies and procedures at the Subject Plant; (5) setting and performing the training at the Subject Plant; and, for Defendant HPC Industrial Services LLC, (6)

7

directing from Houston the work activities, safety procedures, and health monitoring, of an entire Houston-based work crew at the Subject Plant, of which the Decedent was one member.

(Doc. 10 at 2, ¶3).

These pleadings and facts amount to more than the *prima facie* showing that this Court has specific personal jurisdiction over Suncor because these claims arise from and relate to Suncor's Texas business ties. *See, e.g., Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 209 L. Ed. 2d 225 (Mar. 25, 2021). Particularly when the court accepts the plaintiff's uncontroverted allegations as true and resolves all conflicts in the evidence in the plaintiff's favor, as the Court must. *See E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 295 (5th Cir. 2020).

With no real argument jurisdiction in improper, Suncor adds that this Court should transfer this case to the District of Colorado under 1404(a). (Doc. 15 at 5, ¶15). Suncor justifies its entire motion with conclusory statements, *rather than evidence*. This alone requires denial. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) ("the moving litigant must make more than a general allegation" regarding the relevance of the factors to be considered). Regardless, the public and private interest factors, as well as the heavy preference for Plaintiffs' chosen forum, weigh in favor of denial as well.

Accordingly, this Court should deny Suncor's Motion in all respects.

### III.

### <u>THE COURT SHOULD DENY SUNCOR'S RULE 12(B)(2) MOTION TO DISMISS</u>

#### A. **Rule 12(b)(2) Legal Standard**

As this Court is aware, jurisdictional analysis is "equitable and highly fact-specific." *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991). At the Rule 12(b)(2) stage the court accepts the plaintiff's uncontroverted allegations as true and resolves all conflicts in the evidence in the plaintiff's favor. *E. Concrete Materials, Inc.*, 948 F.3d at 295. When a Rule 12(b)(2) motion is determined without discovery and an evidentiary hearing, the plaintiff need only make a *prima facie* case for personal jurisdiction. *See Diagnostic Affiliates of N.E. Hou, LLC v. Aetna, Inc.*, 2:22-CV-00127, 2023 WL 1772197, at *2 (S.D. Tex. Feb. 1, 2023) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)).[1] A *prima facie* showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).

"A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). "Because the Texas long-arm statute extends to the limits

---

[1] Only when the case proceeds to an evidentiary hearing or trial dies the plaintiff's burden escalate to preponderance of the evidence in order to support a judgment. *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000).

of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). Thus, plaintiff's *prima facie* burden is to show that the nonresident defendant has purposefully established "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Jurisdiction may be general or specific. The former requires "continuous and systematic" forum contacts, the latter obtains when a defendant "purposefully direct[s]" his activities toward the state and the plaintiff's claim "aris[es] out of or [is] related to" the defendant's forum contacts. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 777–78 (5th Cir. 2018) (citations omitted).

These facts are more than enough *prima facie* evidence of the Court's jurisdiction. Accordingly, the Court should deny Suncor's Motion.

**B.    The Court Has Specific Jurisdiction Because Mr. Williams Death Arises from and is Related to Suncor's Reach into Texas.**

Specific Jurisdiction "covers defendants less intimately connected with a State[.]" *Ford Motor Co.*, 141 S. Ct. at 1024; *see also See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013) (recognizing that single contact with Texas may support jurisdiction). To establish specific personal jurisdiction, the Court considers two co-equal components: (i) whether the defendant has performed some act by which it purposefully avails itself of the privilege of conducting activities within the forum State; and (ii) whether

the plaintiff's claims "arise out of or relate to the defendant's contacts" with the forum. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 209 L. Ed. 2d 225 (Mar. 25, 2021) (citations omitted).

### 1.   Suncor purposefully availed itself of Texas by conducting business in Texas.

A defendant purposefully avails itself of a forum if it "deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Ford*, 209 L. Ed. 2d at 1025 (cleaned up). Suncor deliberately conducted many activities in Texas. Suncor maintains a registered agent in Texas. Ex. 1 (Franchise Tax Public Information). And its "President" and "Director" Jim Hamilton lists a Houston Texas address. *Id.*  But most importantly, Suncor recruited, hired, and contracted with HPC—a Texas company with Texas employees. In doing so, it negotiated and executed contracts for the work decedent Kurtis Willaims was performing at the subject plant, in Texas with his Texas employer. Suncor has accordingly purposefully availed itself of the privilege of conducting activities in Texas. *See, E.g., Hall v. Envtl. Chem. Corp.*, 64 F. Supp. 2d 638, 643 (S.D. Tex. 1999) (defendant "purposely availed itself of the privilege of conducting recruitment and employment activities in Texas, thereby meeting the requirements for specific jurisdiction under the first prong of International Shoe and its progeny.").

### 2.   Plaintiffs' claims arise from and relate to Suncor's Texas contacts, including hiring and supervising Mr. Williams.

The relatedness component is also satisfied because Plaintiffs' claims against Suncor arise out of and relate to Suncor's Texas activities. In simple terms, Suncor reached

into Texas to conduct recruiting and hiring activities in Texas for workers to perform work at its plant—then Suncor negligently killed one of those Texas worker. Fifth Circuit courts, and others, have exercised personal jurisdiction over out-of-state defendants for out of state injury claims to resident plaintiffs that arise from or are related to similar in-state activities. *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993) (finding specific jurisdiction for out of state injury to resident plaintiff because the defendant had directed recruiting activities to Mississippi that led to the plaintiff's hiring); *Potts v. Cameron Offshore Boats, Inc.*, 401 F. Supp. 2d 733, 737 (S.D. Tex. 2005) (specific jurisdiction proper over Texas resident's out of state injury when the plaintiff was hired through the efforts of a Texas recruiting company); *Hall*, 64 F. Supp. 2d at 642–43 (personal jurisdiction proper over injury of a Texas resident that occurred outside of Texas when the defendant had "purposely availed itself of employment activities in Texas"); *Lauro Salinas v. Subaqueous Services, Inc.*, CV G-06-023, 2006 WL 8447458, at *3 (S.D. Tex. July 7, 2006) (denying motion to dismiss for out of state injury to Texan because "[d]efendant purposefully recruits Texas residents to work aboard its dredges."); *see also Carter v. M/V Am. Merlin*, 991 F. Supp. 853, 855 (S.D. Tex. 1998) ("[S]pecific jurisdiction may have existed had Plaintiff lived in Texas when he was hired, and had he been recruited by Defendant in Texas."); *Guyton v. Pronav Ship Mgt., Inc.*, 139 F. Supp. 2d 815, 820 (S.D. Tex. 2001); *Valero Refin. Co. - Oklahoma v. Comeaux*, 14-20-00862-CV, 2022 WL 15505162, at *6 (Tex. App.--Hous. [14th Dist.] Oct. 27, 2022).

Tracking these cases, when a commercial actor's efforts are "purposefully directed" toward residents of another State, the Supreme Court has consistently rejected the notion

that an absence of physical contacts can defeat personal jurisdiction there." *Burger King*, 471 U.S. at 476 (emphasis in original). And the Supreme Court's decision in *Ford* confirmed that the relatedness requirement does not require "a strict causal relationship between the defendant's in-state activity and the litigation[.]" *Id.* at 1026.

In *Ford*, the Court upheld specific jurisdiction against the defendant, *Ford*, because there was "a strong relationship among the defendant, the forum, and the litigation," citing that tripartite connection as being "the essential foundation of specific jurisdiction." 141 S. Ct. at 1028 (internal quotation marks omitted). Thus, there need only exist "an affiliation between the forum and the underlying controversy[.]" *Id.* Since *Ford*, the Supreme Court of Texas likewise rejected a strict construction of the second element. *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 14 (Tex. 2021) ("in light of [*Ford*] ... the court of appeals sought too exacting of a connection between [defendant's] purposeful contacts in Texas and the suit").

Plaintiffs have alleged Suncor contracted recruited, trained, and contracted for a Houston-based work crew at the Subject Plant, of which the Decedent was one member. Suncor then injured a Texas resident, who was temporarily in the state. Plaintiffs are bring this case in the most natural state. Defendants may disagree, but the pleadings must be construed in Plaintiffs' favor, not defendants. And this pre-discovery phase is not the time to settle disputes anyway. Because the pleadings and facts show that Plaintiff's injuries both arise from and are related to Suncor's contacts with Texas, and because the court should accept the plaintiff's uncontroverted allegations as true and resolves all conflicts in the evidence in the plaintiff's favor, this Court should deny Suncor's motion to dismiss.

13

**C.      Suncor Has Not Shown Jurisdiction is Unfair—Nor Could They**

"Once the plaintiff has made out a *prima facie* showing under the first prong [minimum contacts], the burden shifts to the defendant to prove, under the second prong of the constitutional due process inquiry, that the exercise of jurisdiction would not comply with 'fair play' and 'substantial justice.'" *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed. Cir. 1995)). To show that the exercise of jurisdiction is unfair and unreasonable, the defendant must make a "compelling case." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Courts consider factors like "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies." *Coats*, 5 F.3d at 884–85 (citing *Burger King*, 471 U.S. at 477); *see also Felch v. Transportes Lar–Mex SA De CV*, 92 F.3d 320, 324 n.9 (5th Cir. 1996).

Suncor has presented minimal evidence to meet its burden. The Court should thus reject any post-hac argument by on this second prong for this reason alone. But also, it is very unusual to conclude that the exercise of jurisdiction is unfair after there has been a showing of sufficient minimum contacts. *Akro*, 45 F.3d at 1549 (describing it as "rare" that the plaintiff's and forum state's interests in adjudicating a case would be so attenuated as to be clearly outweighed by any burden on the defendant). This is not one of those rare occasions.

14

Requiring Suncor to defend this suit in Texas would not offend the guiding principles. The Plaintiffs are residents of Texas, and Texas has a strong "interest in providing effective means of redress of its residents." *Id.* (citations omitted); *see also Potts*, 401 F. Supp. 2d at 738 ("Texas has a strong interest in protecting the health and safety of its citizens, even when they go to work in a neighboring state."). And, like one court noted, "[i]t will not be unduly burdensome for Defendant to travel to Texas to defend this lawsuit, especially since Defendant is so eager to recruit Texas workers." *Lauro Salinas*, 2006 WL 8447458, at *4.

Defendants' primary complaint is that they would need to bring in witnesses from out of state. But this is merely burden shifting. A trial in Colorado would amount to inconvenience and unfairness to the resident Plaintiff if he is not afforded a local forum for resolution of their dispute. Finally, because of its multiple contacts with Plaintiff in Texas (as well as the fact that Suncor maintains officers and a registered agent in Texas for service of process), Suncor could "reasonably anticipate" being haled into court in Texas, even though the alleged accident occurred in Colorado. *See, e.g., Hall*, 64 F. Supp. 2d at 643–44. Accordingly, Suncor has not met its heavy burden to make a compelling case that the exercise of jurisdiction is unfair and unreasonable in Texas.

## IV.

### THE COURT SHOULD DENY SUNCOR'S VENUE MOTIONS

**A.      The Court Should Deny Suncor's Rule 12(b)(3) Motion Because Jurisdiction is Proper**

Rule 12(b)(3) authorizes dismissal "only where venue is 'wrong' or 'improper' in the forum in which it was brought. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). A corporation resides in any district where its contacts would be sufficient to subject it to personal jurisdiction. 28 U.S.C. § 1391(c)(2). Suncor's motion under Rule 12(b)(3) thus fails for the same reasons as its Rule 12(b)(2) motion: the uncontroverted allegations of the Plaintiffs clearly establish that Suncor is a resident of the Southern District of Texas due to its minimum contacts with this jurisdiction. *See* § 1391(b)(1), (c)(2), (d); *Jackson*, 2018 WL 11443473, at *2.

Suncor is not saved by the self-serving affidavit of its purported employee Mr. Brian Suchand. First, the affidavit does nothing to controvert the Suncor-specific allegations. *See* (Doc. 23-1 at 2-4.). Mr. Suchand's affidavit does not speak at all to Suncor's association with HPC, Mr. Williams' Texas-based employer—one of the most significant contacts that Plaintiffs allege Suncor has engaged in with the State of Texas. *See* (*Id.*). Only the additional discovery Plaintiffs have requested can shed light in that area. Suncor's failure to rebut Plaintiffs' venue-specific allegations means that Plaintiffs' complaint remains uncontroverted—and this Court should deny the motion. *See Kranos IP Corp.*, 2017 WL 3704762, at *2; *Jackson*, 2018 WL 11443473, at *2.

**B.      The Court Should Deny Suncor's Section 1404(a) Motion to Transfer Because the Private and Public Interest Factors Don't Support Transfer**

**1.      *Plaintiffs' venue choice is entitled to deference and Suncor bears the burden of proof.***

The venue statute, 28 U.S.C. § 1391, allows plaintiffs, with some restrictions, to choose where to file suit. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312–13 (5th Cir. 2008) (en banc) ("Volkswagen II"). "For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). First, the district court must consider "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I"). Second, a court must consider "both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case." *In re NGL Marine, LLC*, 4:20-CV-01841, 2020 WL 3000757, at *1 (S.D. Tex. June 4, 2020). The party seeking transfer must prove both elements. *Vodicka v. Ermatinger*, No. 3:19-cv-56, 2021 WL 2917035, at *1 (N.D. Tex. July 12, 2021).

The plaintiff's choice of forum prevails unless the "movant show[s] the transferee venue is clearly more convenient." *Mata v. Freeport McMoran Inc.*, No. 3:15-cv-00155, 2016 WL 6037237, at *2 n.2 (S.D. Tex. Oct. 14, 2016) (internal quotation marks omitted). Plaintiffs' choice of venue thus places a "significant burden on the movant to show good cause for the transfer." *In re Volkswagen of Am., Inc.,* 545 F.3d at 315. If the moving party fails to meet this standard, the Court must respect Plaintiff's choice in venue. *Id.*; s*ee also Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) ("When the transferee venue is

not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected.").

> ### 2. *Suncor has not shown the private and public interest factors clearly favor transfer.*

In evaluating whether a proposed forum is clearly more convenient, courts undertake a multifactor analysis balancing both public and private interest factors. *Volkswagen*, 545 F.3d at 315. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* (internal quotation marks and citation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (alteration in orig.) (internal quotation marks and citation omitted).

In its Motion, Suncor does little more than provide a conclusory restatement of a few of the private interest factors laid out in *Volkswagen*. (Doc. 23). But Plaintiffs nonetheless consider the factors which, on the record provided by Suncor (or lack thereof), do not "clearly" support transfer. Accordingly, their motion should be denied.

        **a.**     **The relative ease of access to sources of proof does not favor transfer.**

"The first [private interest] factor focuses on the location of the relevant 'documents and physical evidence' relative to the transferee and transferor venues." *In re Orion Marine Constr., Inc.*, 2020 WL 8083679, at *3 (S.D. Tex. Dec. 21, 2020) (citation omitted). To this end, Suncor has identified no *specific* evidence that is more accessible in Colorado outside the location of the refinery. To the extent Suncor may be read to argue that certain documents are located at the accident site, they are easily transferred by electronic means to any forum. *Texas v. U.S. Dept. of Homeland Sec.*, 6:23-CV-00007, 2023 WL 2457480, at *5 (S.D. Tex. Mar. 10, 2023) ("the vast majority of the evidence will be electronic, so it will be equally accessible in any forum."). Further, even if the location of such evidence is considered, all evidence from Plaintiffs will also be from their home state, Texas. As for the location of the refinery, the parties may conduct site inspections and nothing suggests that the presentation of any other physical evidence would be inconvenient for a Texas trial. Thus, the ease of access to sources of proof at least weighs in both directions, and a tie does not overcome Suncor's "significant burden." *See Grp. 1 Auto., Inc.*, 2020 WL 4004604, at *2.

        **b.**     **The availability of compulsory process to secure the attendance of witnesses does not favor transfer.**

On the second factor, Suncor has not identified any relevant witnesses at all, let alone any witness who would be unwilling to testify. "[T]he availability of compulsory process receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *Texas*, 2023 WL 2457480, at *5 (citing *In re Planned Parenthood*

*Fed'n of Am., Inc.*, 52 F.4th 625, 630-31 (5th Cir. 2022)). And many witnesses are likely to be employees of the Defendants, such that compulsion is unnecessary. Without any indication this factor is relevant, it is at most neutral, and does not support transfer. *See generally Aptim Corp. v. McCall*, 888 F.3d 129, 136 (5th Cir. 2018) (court may find a factor neutral in a non-exhaustive multifactor test).

> **c.    The cost of attendance for willing witnesses does not favor transfer.**

As to the cost of attendance for willing witnesses, Suncor has once again identified no witnesses at all, let alone "key" witnesses who would fit this description—which alone militates against transfer. *In re Planned Parenthood Fedn. of Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022) (citing *Texas*, 2023 WL 2457480, at *5). "To designate a potential witness as 'key' under the inquiry, the movant must specifically identify the key witnesses and outline the substance of their testimony." *Hillestad v. LLOG Expl. Co., 2018* WL 4938708, at *4 (S.D. Tex. Sept. 20, 2018) (internal quotation marks omitted). It is not enough for the party seeking transfer to simply allege, in conclusory fashion, "that the key witnesses are inconveniently located." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000); *see also Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 710 (S.D. Tex. 2011) (rejecting defendants' general allegations that certain witnesses are needed and concluding that location of witnesses "does not favor transfer"). Even if litigating elsewhere would be more convenient for some unnamed, unidentified witnesses, that "is not enough to justify transfer." *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). This factor does not mitigate in favor of transfer.

### d.   Other practical problems that make a trial easy, expeditious, and inexpensive do not favor transfer.

For all the deficiency of its private interest arguments, Suncor's public interest argument is confined to a single unsupported paragraph. Suncor's argument that Colorado law should apply is unpersuasive, as this Court has heard no argument nor entered any order on such a matter. Moreover, such an issue is a highly complex issue requiring much more discovery than has been attempted in this case, and this court should not give weight to an issue that is not yet ripe for resolution. *See TIGI Linea Corp. v. Prof'l Products Group, LLC*, No. 419CV00840RWSKPJ, 2020 WL 7346721 (E.D. Tex. Nov. 16, 2020), *report and recommendation adopted*, No. 419CV00840RWSKPJ, 2020 WL 7342928 (E.D. Tex. Dec. 11, 2020) ("As these factual disputes affect the Court's choice of law analysis, the Court finds that consideration of choice of law analysis is not yet ripe…").

Even further, other public interest factors support the Plaintiff's choice of their home forum. Most importantly, the local jurisdiction (Texas) has a substantial interest in having this localized interest (the death of a Texas resident due in part to the negligence of a Texas company) decided at home. *See Volkswagen*, 545 F.3d at 315. That two out of three parties here reside in Texas militates against transfer. *Targeted J., Inc. v. Garland,* 6:23-CV-00003, 2023 WL 3149239, at *1 (S.D. Tex. Mar. 18, 2023) ("This suggests that the local interest in having localized interests decided at home"). Also at least part of the relevant "acts giving rise to the lawsuit," including the hiring and supervision of Mr. Williams, occurred within both venues, which disfavors transfer. *Johns L. Firm, LLC v. Pawlik*, 4:22-CV-

01441, 2023 WL 2457493, at *6 (S.D. Tex. Mar. 10, 2023). And there is no reason to believe that this court will have any difficulty in handling this case; Texas has four judicial districts to Colorado's one, and this Court has already quickly and efficiently entered a Docket Control Order. (*See* Doc. 18); *see also In re Planned Parenthood Fedn. of Am., Inc.,* 52 F.4th 625, 631 (5th Cir. 2022) (noting some courts have held that this factor is "speculative.").

***

In sum, Suncor has failed to meet its "significant burden" of proving that a significantly more convenient venue exists as to all parties and witnesses. *See Grp. 1 Auto., Inc. v. Aetna Life Ins. Co.*, No. 4:20-CV-1290, 2020 WL 4004604, at *2 (S.D. Tex. July 15, 2020). Indeed, Suncor has not identified *any* significant evidentiary basis for transferring the case and its lack of reasoning and evidence is not sufficient. *Camacho v. Torres, 1:21-CV-146*, 2023 WL 2810848, at *3 (S.D. Tex. Apr. 6, 2023). The Court should deny the motion accordingly.

## IV.

### CONCLUSION

For these reasons, the Court should deny Suncor's motion to dismiss and motions to transfer venue.

**DATED: August 4, 2023**

ARNOLD & ITKIN LLP

*/s/ Noah M. Wexler*
Jason A. Itkin
State Bar No. 24032461
Noah M. Wexler
State Bar No. 24060816
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com
e-service@arnolditkin.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 4,978 words, as determined by Microsoft Word's word-count function, excluding the sections of the document listed in this Court's local rules.

/s/Noah M. Wexler
Noah M. Wexler

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above instrument was forwarded to all counsel of record under the Federal Rules of Civil Procedure on this day of August 4, 2023.

/s/Noah M. Wexler
Noah M. Wexler