# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY VALENTINE, As Representative of the Estate of Kurtis R. Williams; JOYCE WILLIAMS; and STARR BROOKS, As Next Friend of S.L.-D.B., the Minor Child of Kurtis R. Williams, <br><br> Plaintiffs, <br><br> v. <br><br> CLEAN HARBORS DEER PARK, LLC; SUNCOR ENERGY (U.S.A.) INC.; SUNCOR MARKETING INC.; SUNCOR ENERGY (U.S.A.) MARKETING INC.; and KEVIN FLEMING, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | CV 4:23-cv-02153 <br><br><br> DEFENDANT SUNCOR ENERGY (U.S.A.) INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE TO PERMIT JURISDICTIONAL DISCOVERY FROM DEFENDANT SUNCOR |

**DEFENDANT SUNCOR ENERGY (U.S.A.) INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE TO PERMIT JURISDICTIONAL DISCOVERY FROM DEFENDANT SUNCOR**

Suncor Energy (U.S.A.) Inc. ("Suncor") submits this Response to Plaintiffs' Motion for Continuance to Permit Jurisdictional Discovery from Defendant Suncor (the "Motion"), and would respectfully show the court as follows:

## I.
## INTRODUCTION

In response to Suncor's pending Rule 12(b)(2) and 12(b)(3) motions, Plaintiffs filed a Motion seeking a sixty-day continuance to conduct jurisdictional discovery and obtain

depositions from Suncor's corporate representative. This request for a continuance should be denied because it would serve no purpose – other than to burden Suncor with a futile fishing expedition, unsupported by the undisputed facts, that would unnecessarily delay a ruling on the merits of Suncor's Rule 12(b)(2) and 12(b)(3) motions. There is no dispute that Suncor is a Delaware corporation with its principal place of business in Commerce City, Colorado, and it is not subject to the Court's general jurisdiction.

That leaves specific jurisdiction, which requires that Suncor's purposeful contacts with Texas must have a substantial connection to the operative facts. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007); *Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of New York, Inc.,* 889 F. Supp. 2d 912, 920 (S.D. Tex. 2012). They do not have a substantial connection because all the operative facts arise from Decedent's alleged exposure to chemicals while working at Suncor's Refinery in **Colorado**. Texas has nothing to do with this lawsuit, and no amount of jurisdictional discovery will change that.

Plaintiffs' written discovery amounts to a broad fishing expedition based on conjecture and boilerplate allegations that are designed to impose a significant burden on Suncor while simultaneously delaying a ruling on the merits of Suncor's Rule 12(b)(2) and 12(b)(3) motions. The Motion should be denied.

## II.
## ARGUMENT

"When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Bar Group, LLC v. Bus. Intel. Advisors, Inc.*, 215 F. Supp.

3d 524, 562 (S.D. Tex. 2017) (citing *Kelly v. Syria Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). Instead, a court should "deny jurisdictional discovery where the plaintiff only offers speculation as to jurisdiction and where the plaintiff is waging a 'fishing expedition' into jurisdictional facts." *Id.* (citing *SGIC Global Inv. Cap., Inc. v. Burger King Europe Gmbh,* 2015 WL 41622599, at *6 (N.D. Tex. 2015). Plaintiffs "bear the burden of showing that discovery is needed," including "the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 672 (S.D. Tex. 2014).

To force a non-resident defendant to engage in jurisdictional discovery, a plaintiff must make a "preliminary showing of jurisdiction" including "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the [defendant] and the forum state . . . ." *Id.* at 672; *see also NBC-USA Housing, Inc. Twenty-Six v. Donovan*, 741 F. Supp. 2d 55, 60 (D.C. Cir. 2010) ("Where there is no showing of how jurisdictional discovery would help plaintiff discover anything new, it is inappropriate to subject defendants to the burden and expense of discovery . . . [a] request for jurisdictional discovery cannot be based on mere conjecture or speculation.").

When jurisdictional discovery is deemed necessary by the Court, it should be limited to the discrete contested issues, be inexpensive, and be proportional to the inquiry. *See, e.g.*, *Villareal v. Burlington Coat Factory of Texas, Inc.*, No. 5:23-CV-00028, 2023 WL 3855324, at *3 (S.D. Tex. June 5, 2023) (limiting discovery to the single threshold issue

of Plaintiff's citizenship, which must be proportional to Defendant's discrete inquiry into jurisdictional facts).

1. **Plaintiffs' discovery aimed at "Defendants' contacts with Texas generally" is a speculative fishing expedition for which they have not made a preliminary showing.**

Despite focusing their argument on specific jurisdiction, Plaintiffs have nonetheless included discovery requests aimed at "Defendant's contacts with Texas generally," as opposed to those that "arise from and are related to this incident." Doc. 28 at 3. There is no basis for discovery on contacts unrelated to Plaintiffs' claims because they have not, and cannot, make a preliminary showing of general jurisdiction over Suncor.

Plaintiffs acknowledge in their complaint that "Suncor Energy (U.S.A.) Inc. is, upon information and belief, not a citizen of the State of Texas for diversity purposes." Doc. 10 at ¶ 6. This admission is equally valid for purposes of general jurisdiction. *Compare* 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"), *with Daimler AG v. Bauman*, 571 U.S. 117, 118-19 (2014) ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."). Instead, Suncor is incorporated in Delaware with its principal place of business in Commerce City, Colorado. Doc. 23-1 at ¶¶ 4-5.

Plaintiffs attempt to rely on their incorrect allegation that Suncor is registered to do business in Texas. Doc. 28 at 2. However, Suncor is not registered in Texas (See Doc. 23-

1 at 9), which fact is demonstrated by Plaintiffs' own exhibit, a screenshot of Suncor's franchise tax account status from the Texas Secretary of State. See Doc 33-1 at 4. Both the "Effective SOS Registration Date" and "Texas SOS File Number" fields clearly state that Suncor is "Not Registered" in Texas. *Id.*

Further, Plaintiffs' misrepresentation of a tax account as an active registration to do business also misses the bigger picture. The Supreme Court's recent decision in *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. ___, No. 21-1168 (June 27, 2023), would not confer general jurisdiction over Suncor even if it was actively registered to do business in Texas. In *Mallory*, the Court interpreted a Pennsylvania registration statute that was "explicit" that registration in Pennsylvania, "shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation." *Id.* at 2, 12. ("[W]e need not speculate whether any statutory scheme and set of facts would suffice to establish consent to suit."). *Mallory* applied existing law to determine that it is merely possible that, with clear and unambiguous language in a statute indicating a foreign entity consents to general jurisdiction by registering to do business in a state, such a statute can comport with due process on the right set of facts. By contrast, Texas' registration statute, Tex. Bus. Org. Code § 9.20, lacks any mention of jurisdiction, let alone an explicit grant of general jurisdiction. Therefore, even if Suncor is registered in Texas, which it is not, that would not be enough to show general jurisdiction over Suncor.

Because Plaintiffs have acknowledged that Suncor is not a citizen of Texas for purposes of diversity jurisdiction, they have not meaningfully alleged that Suncor falls

under either of the "paradigmatic" forums for general jurisdiction in Texas. Failing that, Plaintiffs' misguided allegation that Defendants are registered in Texas, even if true, would not lead to general jurisdiction over Defendants. Accordingly, Plaintiffs' requests aimed at Suncor's unrelated contacts are nothing more than a speculative fishing expedition, which at most aims to discover unknown and irrelevant contacts. Jurisdictional discovery should therefore be denied.

> **2. Plaintiffs have not made a "preliminary showing" of reasonably particular facts supporting specific jurisdiction over Suncor.**

In their Motion for a Continuance, Plaintiffs cite *Moki Mac River Expeditions v. Drugg*, 221 S.W. 3d 569, 577 (Tex. 2007), for the "co-equal components," of specific jurisdiction, but they neglect to mention its governing "substantial connection" test: "[F]or a nonresident defendant's forum contacts to support an exercise of specific jurisdiction, there must be a substantial connection between those contacts and the operative facts of the litigation." *See also Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of New York, Inc.,* 889 F. Supp. 2d 912, 920 (S.D. Tex. 2012). The "operative facts of the litigation are those on which the trial will focus to prove the liability of the defendant who is challenging jurisdiction." *Zapata v. HSBC Holdings PLC*, 2017 WL 6939210, at *4 (S.D. Tex. 2017).

As explained in Suncor's Motion to Dismiss for Lack of Personal Jurisdiction, and Subject Thereto, Improper Venue, and Suncor's Reply to Plaintiffs' Response, Plaintiffs have not made factual allegations showing any alleged Suncor contacts with Texas that are "substantially connected" to the operative facts of Plaintiffs' negligence claims, which

occurred in Colorado. *See* Doc. 23 at 7-9; Doc. 34 at 3-7. Plaintiffs' conclusory and boilerplate allegations that Suncor "conducts substantial business in Texas," or "Defendants has [sic] systematic and ongoing contacts with the State of Texas," are "vague and overgeneralized assertions" that are no more than mere speculation and have no substantial connection to the operative facts of the litigation. Doc. 33 at 7-8; *Sangha v. Navig8 Ship Mgmt. Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018). Likewise, Plaintiffs present five speculative theories of specific jurisdiction in the Amended Complaint:

> (1) planning work at the Suncor Commerce City Refinery (the "Subject Plant"); (2) negotiating and executing contracts for work at the Subject Plant; (3) selecting, recruiting, and hiring companies and individuals to perform work at the Subject Plant; (4) creating, modifying, amending, or establishing the policies and procedures at the Subject Plant; (5) setting and performing the training at the Subject Plant[.]

Plaintiffs' general assertion of these theories against Suncor and HPC is not a "reasonably particular" preliminary showing. In fact, Plaintiffs previously asserted the same boilerplate allegations against the now-dismissed entities: Suncor Energy Marketing (U.S.A.) Inc., Suncor Energy Marketing Inc., and Clean Harbor Deer Park, LLC. *See* Doc. 1-2 at ¶ 3. Suncor has already provided sworn testimony in declarations that refutes these vague theories. *See generally* Doc. 23-1; Doc. 34-1.

Finally, grasping to provide any grounds for specific jurisdiction over Suncor, Plaintiffs point to entirely unrelated contacts: Suncor's alleged registered agent in Texas, a Houston address listed in a public tax filing, and the incorrect claim that Suncor is registered to do business in Texas. Plaintiffs do not attempt to explain the significance of

these contacts to specific jurisdiction, and they cannot because these contacts do not have any "substantial connection" to the operative facts of the Plaintiffs' claims—Suncor's alleged negligence in *Colorado* exposed Decedent to "deadly chemicals" in *Colorado* resulting in his death in *Colorado*. Doc. 10 at ¶¶ 8, 15, 19.

Because Plaintiffs cannot identify non-speculative factual allegations supporting specific jurisdiction over Suncor with reasonable particularity, there is no basis for permitting jurisdictional discovery. Instead, Plaintiffs seek to engage in an unwarranted fishing expedition and delay a ruling on the merits of Suncor's Rule 12(b)(2) and 12(b)(3) motions.

3. **Plaintiffs' discovery is not "targeted" but rather is a fishing expedition for legally irrelevant contacts with Texas.**

Plaintiffs claim that their jurisdictional discovery is "targeted" at the jurisdictional issue, but their requests show that they are more interested in harassing Suncor in a foreign forum than in discovering potentially relevant jurisdictional facts, all of which are effectively uncontested anyway. For example, Plaintiffs' discovery includes demands for Suncor to:

- "Describe in detail every contract which you have entered into in the last ten years where at least one party to the agreement is based, located, domiciled, and/or headquartered in Texas."

- "[I]dentify all actions in Texas in any court—including county courts, district courts, federal courts, and justices of the peace involving the judicial branch—to which you have been a party . . ."

- "[I]dentify by name all persons employed or hired by you that are located in Texas, based in Texas, or are residents of Texas and state their job title or, in the

- case of a non-natural person, a summary description of the work the person performed."

- "[D]escribe any activities, including work activities, you or your employees have performed in Texas in the last ten years, and identify the employees conducting those activities."

- "Produce copies of any lawsuit . . . relating to any case where you were named as a Defendant or sued as a Plaintiff in the State of Texas for the last 20 years[.]"

These expansive requests are untethered from the relevant principles of personal jurisdiction. They have nothing to do with Suncor's place of incorporation, principal place of business, or any contacts that "arise out of the defendant's purposeful conduct and connections" to Texas. *Bristol Meyers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017).

Here, the "burden or expense of the proposed discovery," for example, in disclosing every contract over the past ten years with any party that is in some way related to Texas-regardless of whether it relates to Decedent's alleged work and exposure at the Colorado Refinery in 2023 greatly outweighs its "likely benefit". At best, Plaintiffs' discovery seeks to discover contacts that are far too 'random,' 'fortuitous,' or 'attenuated' to establish jurisdiction over Suncor. *See* Fed. R. Civ. P. 26(b)(1); *Bar Group, LLC*, 215 F. Supp. 3d at 537.

Even if the Court determines that some degree of jurisdictional discovery is required, and it should not, any discovery should be limited to the discrete contested issues, be limited to the relevant time period of 2023, be inexpensive, and proportional to the inquiry. *See, e.g.*, *Villareal v. Burlington Coat Factory of Texas, Inc.*, No. 5:23-CV-00028,

2023 WL 3855324, at *3 (S.D. Tex. June 5, 2023) (limiting discovery to the single threshold issue of Plaintiff's citizenship, which must be proportional to Defendant's discrete inquiry into jurisdictional facts).

## III.
## CONCLUSION

For these reasons, Defendant Suncor Energy (U.S.A.) Inc. respectfully requests that Plaintiffs' Motion for Continuance to Permit Jurisdictional Discovery from Defendant Suncor be denied, Suncor's Motion to Dismiss for Lack of Personal Jurisdiction and, Subject Thereto, Improper Venue be granted, and for any other relief to which Suncor may be legally or equitably entitled.

Dated: August 15, 2023                Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Justin E. VandenBout*
Justin E. VandenBout
(Attorney-in-Charge)
State Bar No. 24060765
justin.vandenbout@nortonrosefulbright.com
Brett J. Young
State Bar No. 24042203
brett.young@nortonrosefulbright.com
J. Devin Wagner
State Bar No. 24090451
devin.wagner@nortonrosefulbright.com
William O. Martin
State Bar No. 24131487
will.martin@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**Attorneys for Suncor Energy (U.S.A.) Inc.**

## CERTIFICATE OF WORD COUNT

I hereby certify that this motion contains 2,309 words as indicated by word-processor.

*/s/ Justin E. VandenBout*
Justin E. VandenBout

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on August 15, 2023.

                                             */s/ Justin E. VandenBout*
                                               Justin E. VandenBout