# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY VALENTINE, As Representative of the Estate of Kurtis R. Williams; JOYCE WILLIAMS; and STARR BROOKS, As Next Friend of S.L.-D.B., the Minor Child of Kurtis R. Williams § § § § § § | | |
| v. § | CIVIL ACTION NO. 4:23-cv-2153 | |
| CLEAN HARBORS DEER PARK, LLC; SUNCOR ENERGY (U.S.A.) INC.; SUNCOR MARKETING INC.; SUNCOR ENERGY (U.S.A.) MARKETING INC.; and KEVIN FLEMING § § § § § § | (Jury trial demanded in State Court) | |

## OBJECTIONS, IN PART, TO PLAINTIFFS' MOTION FOR CONTINUANCE TO PERMIT JURISDICTIONAL DISCOVERY FROM HPC

*To the Honorable Charles Eskridge, United States District Judge:*

Defendant HPC Industrial Services LLC ("HPC") files these Objections, in part, to Plaintiffs' Motion for Continuance to Permit Jurisdictional Discovery from HPC. (Doc. 29).

1. Plaintiffs Tiffany Valentine, as representative of the Estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, Individually and as Next Friend and natural mother of S.L.-D.B., minor child (collectively "Plaintiffs") are the representative of the estate, and surviving family members, of Kurtis R. Williams ("Decedent"). They brought this action against HPC and Defendant Suncorp Energy (U.S.A.) Inc. ("Suncorp") to recover damages allegedly sustained while Decedent was working at a refinery in Commerce City, Colorado. They claim generally that he was exposed to toxic chemicals at the refinery that led to his death. HPC denies that it is liable to Plaintiffs in this case.

2. Plaintiffs initially sued Clean Harbors Deer Park LLC, Kevin Fleming, and other Suncorp companies in their Original Petition in State Court. (Doc. 1). Mr. Fleming and Clean Harbors Deer Park LLC removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on June 13, 2023. (Doc. 1). Plaintiffs amended their Complaint on July 7, 2023, adding HPC and Suncorp as Defendants, and dropping other original Defendants. (Doc. 10). As a result, HPC and Suncorp are the only two Defendants remaining in the case.

3. HPC filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) or in the alternative, to change venue pursuant to 28 U.S.C. §1404(a) on July 11, 2023. (Doc. 15). Suncorp filed a similar motion on July 18, 2023 (Doc. 23). Those motions are still pending.

4. Plaintiffs have filed a motion for continuance on the Court's consideration of the Motions to Dismiss for at least 60 days to permit discovery on HPC's motion to dismiss for lack of personal jurisdiction. (Doc. 29).

5. Plaintiffs served discovery on HPC on July 25, 2023. A copy of that discovery is attached as Exhibit E to these Objections. (*See also* Doc. 29-7)(Plaintiff's Motion). The instructions are 7 pages long and include overbroad and burdensome requirements that expand the interrogatories and request for production beyond any reasonable limits. *See* S.D. Tex. L. R. 33.1.[1] HPC recognizes that the parties will meet and discuss what discovery is necessary, but the current interrogatories and requests for production, given the definitions and instructions, do raise the issues that HPC references below about the scope of discovery. (*Infra* at 3).

6. HPC has no objection to a continuance at the Court's discretion to conduct jurisdictional discovery subject to two considerations and concerns.

---

[1] Plaintiffs served the discovery prematurely. Under Rule 26(f), the parties are directed to meet to discuss discovery. The parties intend to meet on August 18, 2023.

6895886         2

7. **Suggested stay of jurisdictional discovery**: The Court has pending two motions that may eliminate the need for personal jurisdiction discovery: (1) Motions to Transfer Venue. (Doc. 15, 23); and (2) Motion to Remand (Doc. 20). If the Court decides to transfer the case to the federal court in Colorado, the Court need not deal with issues of personal jurisdiction. The Colorado federal court would have specific personal jurisdiction over HPC because the alleged exposure happened there, and specific and general jurisdiction over Suncorp because the alleged exposure happened there, and Suncorp's principal place of business is in Colorado. (Doc. 23-1). Thus, in the interests of judicial economy, it makes sense for the Court to decide the motion to transfer venue first before the parties engage in costly and unnecessary jurisdictional discovery.

8. **Scope of jurisdictional discovery**: As reflected in Plaintiffs' initial discovery, the parties obviously have a different view about the scope of any jurisdictional discovery. (Ex. 1; Doc. 29-7). The Court must have either general or specific personal jurisdiction over HPC. *Bristol Myers Squibb v. Superior Court*, 582 U.S. 255 (2017); (Plaintiffs' Motion at 5). Thus, any jurisdictional discovery must be relevant to those two legal principles. General jurisdiction is essentially based on the state of organization and principal place of business for HPC. (*Id.*); *Daimler AG v. Bauman*, 571 U.S. 117 (2014). The identity and number of employees, for example, that HPC has in Texas is not relevant to the issue of general jurisdiction. (Ex. E). HPC is organized under the laws of Delaware and has its principal place of business in Massachusetts, where its members and primary decision-making office are located. (Doc. 32). That discovery should be minimal. The Supreme Court has rejected general jurisdiction on contacts with the forum state far more significant than HPC has with Texas. *E.g., Bristol Meyers Squibb, supra*; *Daimler AG, supra*.

9. Specific personal jurisdiction focuses on acts or omissions by HPC that substantially relate to Plaintiffs' claims. (*Id.*). Here, if Texas law applies, the only claim against

HPC is for gross negligence. TEX. LAB. CODE § 408.001. So, the only specific jurisdictional discovery that is relevant must relate to acts or omissions by HPC that are substantially related to Plaintiffs' claims for gross negligence. The work was in Colorado, Williams traveled to Colorado for the work, and the events giving rise to Plaintiffs' claim occurred in Colorado. Again, the interrogatories and request for production suggest that Plaintiffs seek discovery that would not relate to either general or specific personal jurisdiction. As a result, HPC wanted to advise the Court that issues related to the scope of jurisdictional discovery may present themselves to the Court in the near term. The Court obviously does not need to reach any issues as to scope at this time.

10. Issues as to the scope and timing of the discovery may be appropriate topics for the pre-trial conference with the Court after the parties meet for their conference on August 18, 2023.

11. **Plaintiffs' Exhibits**: In their Motion, Plaintiffs attach several exhibits that they claim establish general personal jurisdiction over HPC because they allegedly show that HPC has its principal place of business in Texas. Not so. *See generally* (Doc. 32)(Response to Motion to Remand). Given that Plaintiffs have relied on those exhibits, HPC will respond briefly to them. HPC already discussed several of the exhibits in its Response to the Motion to Remand. (Doc. 32 at 7).

12. At the onset, several exhibits do not take into consideration the corporate changes that led to the formation of HPC that are discussed in HPC's Response to the Motion to Remand. (Doc. 32; Doc. 32-1). To remind the Court, in June 2022, Clean Harbors Industrial Services Inc. ("CHISI") merged with HydroChem LLC ("HydroChem"). At the time of the merger, CHISI had several thousand employees throughout the country. The merger combined the HydroChem business with the CHISI business. Prior to the merger, CHISI was headquartered in Norwell,

Massachusetts. The merged business changed its name to HPC Industrial Services, LLC on June 30, 2022. After the merger, the executive management with final decision-making authority for HPC was in Massachusetts. This has been the case since the name change on June 30, 2022.

13. Without any exhibit or proof, Plaintiffs claim that HPC recruited and hired Kurtis Williams in Texas. In fact, Williams was originally an employee of TriStar Tank Services, which HydroChem PSC acquired effective December 31, 2019. (Ex. A)(announcement of acquisition).[2] Regardless, personal jurisdiction over a company can hardly depend on where an employee resides; otherwise, every company that has employees who reside in different states would make the company subject to personal jurisdiction in every such state, contrary to the law that the Court should look only at the Defendant's contacts with the state, not Plaintiffs' or a third-party. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

14. Remarkably, Plaintiffs cite their own allegations in their Motion to Remand as part of their Motion for Continuance to "confirm" that HPC is a Texas resident. (Plaintiffs' Motion at 3)("At the very least, Plaintiffs' allegations confirm that both HPC and Plaintiffs are Texas residents. (Doc. 20 at 2 π2 and 5), and that HPC's headquarters and principal decision makers are in Harris County, Texas. (*Id*.)." Plaintiffs should know better than to cite their own allegations as "confirmation" that the Court ought to apply as proof to find that this Court has personal jurisdiction over HPC in this case.

HPC will address Plaintiffs' Exhibits that are attached to their Motion.

- Exhibit 1: It makes sense that a Texas franchise account status would have an address in Texas. Even so, having that address is no evidence of HPC's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 96-97 (SEC form that lists company's principal office is not

---

[2] Exhibits by letter refer to exhibits to these Objections; exhibits by number refer to Plaintiffs' exhibits in their Motion for Continuance.

sufficient proof of principal place of business). *See also* (Ex. B)(Form 8822 changing address from Deer Park to Norwell, Massachusetts on September 14, 2022).

- Exhibit 2: the map showing an address for HPC Industrial in Texas does not mean that the office is HPC's principal place of business. Simply attaching a map ignores the corporate history of HPC and certainly does not support the claim that HPC's corporate "nerve center" was in Texas when Plaintiffs filed their Complaint. Otherwise, every company that has offices or places of business in multiple states would be subject to jurisdiction in all such states, eliminating the concept of a "principal place of business."

- Exhibit 3: the form from West Virginia that lists the company's principal office is also not sufficient to establish the company's principal place of business. *Hertz Corp. v. Friend*, *supra*; *Lewis Mechanical Sales v. Union Standard Insurance Group*, 2017 WL 11246844 *5 (S.D. Tex. November 8, 2017)(Tagle, J.)(a form listing corporation's principal place of business is insufficient proof to establish citizenship). The Court should note that this document references the merger and name change described above in paragraph 13. This document also reflects that HPC is "Member Managed." Of course, as indicated above, all HPC's members reside in Massachusetts.

- Exhibit 4: The W-2s for Kurtis Williams from 2022 do not establish HPC's principal place of business. The W-2s reference HydroChem LLC, not HPC. The corporate changes took place in June 2022. Regardless, Williams was apparently a resident of Texas so it is not surprising that his W-2 may have a Texas address. *See also* Ex. C (direct deposit information).

- Exhibit 5: the lawsuit that is referenced in Exhibit 5 was filed in 2019, two years before the October 2021 Clean Harbors acquisition of the HydroChem business, and approximately three years before the corporate changes associated with the CHISI/HydroChem

merger to form HPC. This is clear as Plaintiff is HydroChem, not HPC. The events giving rise to the cause of action took place in Texas. Regardless, an action filed in 2019 has no relevance here to the jurisdictional analysis.

- Exhibit 6: the accident that gave rise to the lawsuit against HPC in the case in Exhibit 6 took place in Harris County, Texas. HPC could not reasonably have challenged personal jurisdiction because the Court probably had specific personal jurisdiction over HPC. Even so, HPC did not concede or admit in that case that its principal place of business was in Texas. (Ex. D) (answer with general denial of all allegations in the Petition). Further, simply because HPC may decide not to challenge jurisdiction in one case does not mean it cannot challenge personal jurisdiction in another case where, as here, the substantial part of the events giving rise to the claim took place in Colorado, not Texas.

## CONCLUSION

HPC does not object to an extension of time for Plaintiffs to conduct jurisdictional discovery. However, HPC requests that the Court rule first on the Motion to Transfer and the Motion to Remand which may make Plaintiffs' Motion moot. In addition, HPC wanted to alert the Court about HPC's concerns about the scope of any jurisdictional discovery.

Respectfully submitted,

**SHEEHY, WARE, PAPPAS & GRUBBS, P.C.**

By : /s/ *Raymond A. Neuer*
      Raymond A. Neuer
      State Bar No. 14928350
      SDTX No. 11085
909 Fannin Street, Suite 2500
Houston, Texas 77010
713.951.1000 – telephone
713.951.1199 – facsimile
Email: rneuer@sheehyware.com

***Attorneys for Defendant HPC Industrial Services, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on August 15, 2023.

By: */s/ Raymond A. Neuer*
    Raymond A. Neuer