CAUSE NO. 2022-75533

| | | |
|---|---|---|
| RODOLFO ROSAS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § | 333RD JUDICIAL DISTRICT |
| CLEAN HARBORS, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL GROUP, LLC, ENTERPRISE FM TRUST, ENTERPRISE FLEET MANAGEMENT INC., AND EDWARD PAL | § § § § § § § § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**DEFENDANTS CLEAN HARBORS, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL SERVICES, LLC, HPC INDUSTRIAL GROUP, LLC, AND EDWARD PAL'S FIRST AMENDED ANSWER AND VERIFIED DENIAL TO PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, Defendants CLEAN HARBORS, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL SERVICES, LLC (improperly identified as "HPC Industrial Services, Inc."), HPC INDUSTRIAL GROUP, LLC, and EDWARD PAL, and file this their First Amended Answer and Verified Denial to Plaintiff's Original Petition and would respectfully show as follows:

**I. GENERAL DENIAL**

Defendants hereby enters a general denial to all allegations in Plaintiff's Original Petition ("Petition") and demand strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.



EXHIBIT D
4:23cv2153 | Valentine v CHDP, e

## II. SPECIFIC AND AFFIRMATIVE DEFENSES

### A.

Pleading further, or in the alternative, no act or omission of Defendants was a proximate cause of Plaintiff's alleged injuries.

### B.

To the extent the evidence shows that Plaintiff failed to act as ordinarily prudent person, Defendants assert their right to show that the incident complained of in Plaintiff's Petition was a result of the negligence and carelessness on the part of the Plaintiff, and Plaintiff was contributorily negligent or solely negligent on the occasion in question, and that his negligence proximately caused the incident in question.

### C.

Pleading further and subject to the foregoing without waiving the same, Defendants assert that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom these Defendants have no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiff's damages.

### D.

Defendants invoke all rights, remedies and elections afforded them pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code regarding contribution, indemnity, comparative and/or proportionate responsibility to the extent the same are or may be applicable.

### E.

Pleading further, or in the alternative, Defendants would show, in the unlikely event that any liability be found on the part of Defendants, that such liability should be reduced by the

percentage of the causation found to have resulted from the acts or omissions of Plaintiff, Co-Defendants and/or Responsible Third-Parties.

## F.

Pleading further, Defendants, still urging and relying on the matters set forth above, assert that to the extent that alleged past medical expenses of Plaintiff exceeds the amount actually paid on Plaintiff's behalf, Section 41.0105 of the Texas Civil Practice & Remedies Code applies to limit Plaintiff's recovery of such past medical expenses, if any. Therefore, the recovery of medical or healthcare expenses incurred by the Plaintiff is limited to no more than the amount actually paid by or on behalf of the Plaintiff. *See Haygood v. De Escobedo*, 356 S.W.3d 390 (Tex. 2011).

## G.

Pleading further, or in the alternative, Defendants assert that the occurrence in question was the result of a new, independent and intervening cause, unforeseeable to the Defendants.

## H.

Pleading further, or in the alternative, Defendants allege that subsequent and precedent to any conduct on their part, whether active or passive, there was intervening and superseding conduct on the part of third parties or other parties, persons or entities, and that such conduct on the part of the other entities acts as a total bar to the claim that is being made or that could be made by Plaintiff in this case.

## I.

Pleading further, or in the alternative, without waiving any of the foregoing, Defendants would show that the damages complained of were the result of pre-existing conditions and not due to any negligence by Defendants.

**J.**

Pleading further, Defendants allege pre-judgment interest should be calculated on the shortest length of time permitted by law. Defendants further assert that prejudgment interest is not calculated on future interest. *See* TEX. FIN. CODE § 304.1045. If it should be necessary, Defendants further assert that pre-judgment interest is not calculated on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.007. Defendants further plead that Section 304.105 of the Texas Financial Code applies when settlement offers have been made. *See* TEX. FIN. CODE § 304.105.

**K.**

To the extent Plaintiff is seeking to recover either lost wages or reduced wage-earning capacity, then Plaintiff must prove the loss(es) in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to applicable federal income tax law. TEX. CIV. PRAC. & REM. CODE § 18.091.

**L.**

For further answer, and subject to the preceding paragraphs herein, and without waiving same, Defendants would further show that injuries, if any, of which Plaintiff complains, were the result of circumstances and events outside of, and beyond Defendants' control. If the events alleged in fact occurred, they were the result of events which intervened such that the conduct of Defendants was not the proximate cause of any injuries to Plaintiff, as that term is defined by the laws of the State of Texas.

**M.**

Defendants, pleading in the alternative if necessary, assert the bifurcated trial provisions of Texas Civil Practice & Remedies Code Chapter 72. Section 72.052 provides that the trier of fact shall determine liability for and the amount of compensatory damages in the first phase of a

bifurcated trial; and, the trier of fact shall determine liability for and the amount of exemplary damages in the second phase of a bifurcated trial.

### III. VERIFIED DENIAL

Defendants Clean Harbors, Inc., Clean Harbors Industrial Services, Inc., and HPC Industrial Group, LLC. deny that they are correct parties to the lawsuit.

Defendant Clean Harbors Industrial Services, Inc. is no longer in existence and did not exist at the time of the accident.

### IV. NOTICE UNDER TEX. R. CIV. P 193.7

Defendants notify Plaintiff of their intention to use any document produced during discovery without the necessity of authenticating the document.

### V. JURY DEMAND

Defendants demand a trial by jury on all issues.

WHEREFORE, Defendants, CLEAN HARBORS, INC., CLEAN HARBORS INDUSTRIAL SERVICES, INC., HPC INDUSTRIAL SERVICES, LLC, HPC INDUSTRIAL GROUP, LLC, and EDWARD PAL pray that Plaintiff, Rodolfo Rosas, take nothing, that Plaintiff's suit be dismissed with prejudice, that Defendants recover its costs from Plaintiff and for all other relief to which Defendants are entitled.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP

*/s/ Kent M. Adams*
**KENT M. ADAMS**
State Bar No. 00869200
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Danielle.Hollis@wilsonelser.com

909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEYS FOR DEFENDANTS
CLEAN HARBORS, INC., CLEAN HARBORS
INDUSTRIAL SERVICES, INC., HPC
INDUSTRIAL SERVICES, INC., HPC
INDUSTRIAL SERVICES, LLC, AND
EDWARD PAL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on May 25, 2023.

*/s/ Kent M. Adams*

# VERIFICATION

STATE OF TEXAS         §

COUNTY OF HARRIS    §

    On this day, Louis Pransky appeared before me, the undersigned notary public, and, after being by me first duly sworn, stated that he has read the foregoing First Amended Answer and Verified Denial and that the factual allegations stated therein are within his personal knowledge and are true and correct.

_____
Louis Pransky as Vice President of Risk Management and Representative of
Clean Harbors, Inc., Clean Harbors Industrial Services, Inc., HPC Industrial Services, LLC and HPC Industrial Group, LLC

SUBSCRIBED AND SWORN TO before me this the 25th day of May, 2023.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF MASSACHUSETTS

Susan R McCarthy
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
November 7, 2025

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Niki Fischer on behalf of Kent Adams
Bar No. 869200
niki.fischer@wilsonelser.com
Envelope ID: 76005796
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendants Amended Answer and Verified Denial
Status as of 5/25/2023 1:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason A.Itkin | | e-service@arnolditkin.com | 5/25/2023 1:03:32 PM | SENT |
| Cory D.Itkin | | coryteam@arnolditkin.com | 5/25/2023 1:03:32 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 5/25/2023 1:03:32 PM | SENT |
| Niki Fischer | | niki.fischer@wilsonelser.com | 5/25/2023 1:03:32 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 5/25/2023 1:03:32 PM | SENT |