IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY VALENTINE, As Representative of the Estate of Kurtis R. Williams; JOYCE WILLIAMS; and STARR BROOKS, As Next Friend of S.L.-D.B., the Minor Child of Kurtis R. Williams | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-2153 |
| CLEAN HARBORS DEER PARK, LLC; SUNCOR ENERGY (U.S.A.) INC.; SUNCOR MARKETING INC.; SUNCOR ENERGY (U.S.A.) MARKETING INC.; and KEVIN FLEMING | § § § § § § | (Jury trial demanded in State Court) |

**REPLY OF DEFENDANT HPC INDUSTRIAL SERVICES, LLC TO PLAINTIFFS' RESPONSE TO THE MOTION TO DISMISS PURSUANT TO RULES 12(B)(2) AND 12(B)(3), OR IN THE ALTERNATIVE, MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. §1404**

*To the Honorable Charles Eskridge, United States District Judge:*

Defendant HPC Industrial Services, LLC (HPC") files this Reply to Plaintiffs' Response to the Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(3) or in the Alternative, Motion to Change Venue Pursuant to 28 U.S.C. §1404. (Doc. 31).

1. As the Court is aware, HPC filed a motion to dismiss for lack of personal jurisdiction and lack of proper venue pursuant to Rules 12(b)(2) and 12(b)(3). (Doc. 15). In the alternative, HPC requested that this Court transfer the case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1404. (*Id.*). Defendant Suncor Energy (U.S.A.), Inc. ("Suncorp") filed a similar motion. (Doc. 23). Plaintiffs filed responses to both motions. (Doc. 31, 33).

2. Plaintiffs also filed a Motion for Continuance to Permit Jurisdictional Discovery from HPC. (Doc. 29). In that Motion, Plaintiffs repeated very similar arguments on the merits of the personal jurisdictional issue. HPC is filing its Objections, in part, to Plaintiffs' Motion for Continuance shortly, which will also address Plaintiffs' personal jurisdictional arguments. As a result, HPC will present its response to Plaintiffs' personal jurisdictional arguments in this Reply, and in its Objections, in part, to Plaintiffs' request for a continuance to permit jurisdictional discovery. Further, HPC would also refer the Court to its response to the Motion to Remand which shows that HPC's principal place of business is in Massachusetts in the context of its citizenship for purposes of subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441. (Doc. 32).

3. HPC will adopt by reference the legal arguments on jurisdiction that are before the Court. HPC is aware that the Court is fully familiar with current law on personal jurisdiction so will not address the legal arguments further. However, given that Plaintiffs have presented the Court with "evidence" about HPC's contacts with Texas, HPC will address that "evidence." HPC will do so generally by Plaintiffs' exhibits, after initial comments about statements that are not supported by any exhibits. HPC already discussed several of the exhibits briefly in its Response to the Motion to Remand. (Doc. 32 at 7).

4. At the onset, several exhibits do not take into consideration the corporate changes that led to the formation of HPC that are discussed in HPC's Response to the Motion to Remand. (Doc. 32; Doc. 32-1). To remind the Court, in June 2022, Clean Harbors Industrial Services Inc. ("CHISI") merged with HydroChem LLC ("HydroChem"). At the time of the merger, CHISI had several thousand employees throughout the country. The merger combined the HydroChem business with the CHISI business. Prior to the merger, CHISI was headquartered in Norwell, Massachusetts. The merged business changed its name to HPC Industrial Services, LLC on June

30, 2022. After the merger, the executive management with final decision-making authority for HPC was in Massachusetts. This has been the case since the name change on June 30, 2022.

5. Without any exhibit or proof, Plaintiffs claim that HPC recruited and hired Kurtis Williams in Texas. (Plaintiffs' Response at 2, 3). In fact, Williams was originally an employee of TriStar Tank Services, which HydroChem PSC acquired effective December 31, 2019. (Ex. A) (announcement of acquisition). Regardless, personal jurisdiction over a company can hardly depend on where an employee resides; otherwise, every company that has employees who reside in different states would make the company subject to personal jurisdiction in every such state. Simply hiring an employee in a given state does not establish either general or specific jurisdiction. Such a view is also contrary to the law that the Court should look only at the Defendant's contacts with the state, not Plaintiffs' or a third-party. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

6. Throughout their Response, Plaintiffs continuously refer to HPC as a "Texas company" or a "Houston based company" as if repeating that incorrect statement will persuade the Court that what they are alleging is true. Not so based on the record before the Court. "Simply saying so, however, does not make it so, and the record shows the contrary." *Void-El v. O'Brien*, 811 F.Supp.2d 255, 259 (D.D.C. 2011); *Hopson v. Asch*, 457 F.2d 79, 81 (3rd Cir. 1972)(a 'cavalier conclusion" does not make it so). HPC's principal place of business is in Massachusetts as reflected in its Response to the Motion to Remand; its Objections, in part, to Plaintiffs' request for a continuance to conduct discovery; and this Reply.

7. HPC will address Plaintiffs' Exhibits once again that are attached to their Response.

- Exhibit 1: It makes sense that a Texas franchise account status would have an address in Texas. Even so, having that address is no evidence of HPC's principal place of business.

*Hertz Corp. v. Friend*, 559 U.S. 96-97 (SEC form that lists company's principal office is not sufficient proof of principal place of business). *See also* (Ex. B)(Form 8822 changing address from Deer Park to Norwell, Massachusetts on September 14, 2022).

- Exhibit 2: the internet map showing an address and contact for HPC in Texas does not mean that the office is HPC's principal place of business. Simply attaching a map ignores the corporate history of HPC and certainly does not support the claim that HPC's corporate "nerve center" was in Texas when Plaintiffs filed their Complaint. Otherwise, every company that has offices or places of business in multiple states would be subject to jurisdiction in all such states, eliminating the concept of a "principal place of business."

- Exhibit 3: the form from West Virginia that lists the company's principal office is also not sufficient to establish the company's principal place of business. *Hertz Corp. v. Friend*, *supra; Lewis Mechanical Sales v. Union Standard Insurance Group*, 2017 WL 11246844 *5 (S.D. Tex. November 8, 2017)(Tagle, J.)(a form listing corporation's principal place of business is insufficient proof to establish citizenship). The Court should note that this document references the merger and name change described above in paragraph 13. This document also reflects that HPC is "Member Managed." Of course, all HPC's members reside in Massachusetts. (Doc.. 32).

- Exhibit 4: The W-2s for Kurtis Williams from 2022 do not establish HPC's principal place of business. The W-2s reference HydroChem LLC, not HPC. The corporate changes took place in June 2022. Regardless, Williams was apparently a resident of Texas so it is not surprising that his W-2 may have a Texas address. *See also* Ex. C (direct deposit information).

- Exhibit 5: the lawsuit that is referenced in Exhibit 5 was filed in 2019, two years before the October 2021 Clean Harbors acquisition of the HydroChem business and approximately three years before the corporate changes associated with the CHISI/Hydrochem LLC merger to

form HPC Industrial Services, LLC. This is clear, as Plaintiff is HydroChem, not HPC. The events giving rise to the cause of action took place in Texas. Regardless, an action filed in 2019 has no relevance here to the jurisdictional analysis.

- Exhibit 6: the accident that gave rise to the lawsuit against HPC in the case in Exhibit 6 took place in Harris County, Texas. HPC could not reasonably have challenged personal jurisdiction because the Court probably had specific personal jurisdiction over HPC. Even so, HPC did not concede or admit in that case that its principal place of business was in Texas. (Ex. D) (answer with general denial of all allegations in the Petition). Further, simply because HPC may decide not to challenge jurisdiction in one case does not mean it cannot challenge personal jurisdiction in another case where, as here, the substantial part of the events giving rise to the claim took place in Colorado, not Texas.

## CONCLUSION

The Court should grant HPC's Motion to Dismiss or in the alternative, transfer this case to the federal court in Colorado.

Respectfully submitted,

**SHEEHY, WARE, PAPPAS & GRUBBS, P.C.**

By : /s/ Raymond A. Neuer
  Raymond A. Neuer
  State Bar No. 14928350
  SDTX No. 11085
909 Fannin Street, Suite 2500
Houston, Texas 77010
713.951.1000 – telephone
713.951.1199 – facsimile
Email: rneuer@sheehyware.com

***Attorneys for Defendant HPC Industrial Services, LLC***

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on August 15, 2023.

                        By:    */s/ Raymond A. Neuer*
                                   Raymond A. Neuer