IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY VALENTINE, As § <br> Representative of the Estate of § <br> Kurtis R. Williams; § <br> JOYCE WILLIAMS; and STARR § <br> BROOKS, As Next Friend of S.L.-D.B., § <br> the Minor Child of Kurtis R. Williams § <br> § <br> v. § <br> § <br> CLEAN HARBORS DEER PARK, § <br> LLC; SUNCOR ENERGY (U.S.A.) § <br> INC.;SUNCOR MARKETING INC.; § <br> SUNCOR ENERGY (U.S.A.) § <br> MARKETING INC.; and § <br> KEVIN FLEMING § | | CIVIL ACTION NO. 4:23-cv-2153 <br><br> (Jury trial demanded in State Court) |

**RESPONSE OF DEFENDANT HPC INDUSTRIAL SERVICES LLC
TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
THEIR MOTION TO REMAND**

*To the Honorable Charles Eskridge, United States District Judge:*

Defendant HPC Industrial Services LLC ("HPC") files this Response to Plaintiffs' Supplemental Brief in Support of their Motion to Remand (Doc. 38).

**STATEMENT OF THE CASE**

1.   Plaintiffs Tiffany Valentine, as Representative of the Estate of Kurtis R. Williams; Joyce Williams; and Starr Brooks, as next friend of S.L.-D.B., the minor child of Kurtis R. Williams ("Plaintiffs") brought this action initially against Clean Harbors Deer Park LLC ("Clean Harbors"), Kevin Fleming ("Fleming") and several Suncor companies

in the 270th Judicial District Court of Harris County, Texas to recover damages resulting from the death of Kurtis R. Williams at a refinery in Commerce City, Colorado. (Doc. 1-2). Clean Harbors and Fleming removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on June 13, 2023. (Doc. 1). The removal was based in part on Plaintiffs' improper joinder of Clean Harbors as a defendant.

2. After removal, and while the case was pending in this Court, Plaintiffs filed an Amended Complaint on July 7, 2023, that voluntarily dismissed Clean Harbors and Fleming from the case but added HPC as a new Defendant. Plaintiffs obviously agreed that they had improperly joined Clean Harbors in the case and that they did not have a cause of action against Clean Harbors. (Doc. 10).

3. Plaintiffs filed their Motion to Remand on July 12, 2023. (Doc. 20). The focus of the motion was Plaintiffs' argument that HPC was a Texas resident with its principal place of business in Texas so there was no subject matter jurisdiction under section 1332. HPC responded to the Motion, pointing out that the citizenship of its members controlled HPC's citizenship for purposes of section 1332. All HPC members are citizens of Massachusetts. Although not controlling, HPC also showed that its principal place of business was in Massachusetts. (Doc. 32).

4. Plaintiffs have now filed a supplemental brief in support of their motion to remand. (Doc. 38). The focus of the supplemental brief is that 28 U.S.C. § 1445(c) prohibited removal of the case in the first instance, so the Court does not have subject matter jurisdiction over the case. Plaintiffs did not address or challenge HPC's evidence and argument in its response to the motion to remand. Plaintiffs made this argument under

6929419                                    2

section 1445(c) for the first time in their supplemental brief. HPC files this response to that supplemental brief.

**ARGUMENT**

5. Plaintiffs' argument is that the Court lacks subject matter jurisdiction. Not so. Plaintiffs have a fundamental misunderstanding about the difference between original jurisdiction and removal jurisdiction. The Court here has subject matter jurisdiction over the case because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Plaintiffs could have brought the action against HPC directly and originally in federal court had they wanted to do so. *See William v. AC Spark Plug Division*, 985 F.2d 783, 788 (5th Cir. 1993). In essence, that is exactly what Plaintiffs did when they filed their Amended Complaint. The only question is whether the Court has original jurisdiction. It does. *See generally* 14C Wright, Miller, Cooper, Steinman & Kane, *Federal Practice & Procedure* §§ 3739-3739.2 (2018).

6. Section 1445(c) provides that a civil action in any state court that arises under the workers' compensation laws of the state cannot be removed to federal court. The statute does not deprive the federal court of original subject matter jurisdiction over the case, for example, if the case otherwise meets the requirements of section 1332. Plaintiffs reason that section 1445 barred HPC from removing the case because the claim against HPC falls under section 1445(c).

7. Plaintiffs' reasoning is flawed for three separate and independent reasons: (1) HPC did not remove the case; (2) Plaintiffs' claim for punitive damages as an exception

to the exclusive remedy provision does not "arise under the workers' compensation laws" of Texas; and (3) Plaintiffs have waived the argument.

8.     **HPC did not remove the case**: The original defendants Clean Harbors and Fleming removed the case to this Court. (Doc. 1). HPC was not involved in that removal; indeed, HPC was not even a party to the case until several weeks later when Plaintiffs filed their Amended Complaint and added HPC as a defendant. Plaintiffs' Original Petition only asserted general negligence and gross negligence causes of action. Even so, none of the original Defendants in state court was Kurtis Williams' employer that provided workers compensation insurance coverage. It follows simply that section 1445(c) does not apply by its terms. The Court should not remand the case based on Plaintiffs' later addition of HPC as a diverse Defendant when the case was properly removed at the time of removal.

9.     **Plaintiffs' claim for exemplary damages does not arise out of the workers' compensation laws**: Plaintiffs cite Judge Kent's opinion in *Sbrusch v. Dow Chemical Company,* 124 F.Supp. 2d 1090 (S.D. Tex. 2000), and several other opinions that followed the reasoning in that case, for the proposition that a claim for exemplary damages by the family of a deceased worker falls under the workers' compensation laws of Texas. The holdings in those cases were based on the fundamental and necessary premise that a claim for exemplary damages under TEX. CONST. art. 16 § 26 and Tex. Labor Code § 408.001(b) gave Plaintiffs an independent cause of action which then arose out of the workers' compensation laws of Texas. Plaintiffs do not mention the later opinions that have rejected that fundamental and necessary premise.

10. In *Ross v. Union Carbide Corp.*, 296 S.W.3d 206 (Tex. App. - Houston [14th Dist.] 2009, pet. denied)(*en banc*), the Court specifically addressed and rejected the reasoning in *Sbrusch* in a lengthy and scholarly opinion. The Court concluded that a claim for exemplary damages against an employer is asserted through the Wrongful Death Act, not independent of the Act. Stated another way, the Court found that the Texas constitution and Labor Code § 408,001(b) do not create an independent cause of action but instead provide an exception to the exclusive remedy provision in section 408.001(a). Plaintiffs here must assert their claim under the Wrongful Death Act, not the Workers' Compensation Act. As a result, Plaintiffs' claims do not arise under the workers compensation law of Texas. The prohibition in section 1445(c) does not apply.

11. In another lengthy and scholarly opinion, Chief Judge Lynn in *Wagner v. Fedex Freight*, 315 F.Supp.3d 916, 920 (N.D. Tex. 2018) recently agreed that a claim for exemplary damages against an employer does not arise under the workers' compensation laws of Texas for purposes of section 1445(c). The Court discussed at length the history and purpose of 28 U.S.C. § 1445(c), the Texas constitution, and Labor Code § 408.001(b). The Court applied the reasoning of *Ross v. Union Carbide, supra*, and many other cases discussing the relationship between the Wrongful Death Act and the Labor Code and concluded that Plaintiffs had to assert their claim against decedent's employer under the Wrongful Death Act. Chief Judge Lynn rejected the earlier opinions cited by Plaintiffs in their supplemental brief. Other opinions since *Wagner* have reached the same conclusion. *Scalza v. Green Bay Packaging*, 2019 WL 13199716 *3 (W.D. Tex. January 25, 2019); *Mendez v. Wal-Mart Associates*, 2018 WL 7288581 *2 (W.D. Tex. October 10, 2018). *See*

*also Arthur v. E.I. du Pont de Nemours & Co.*, 58 F.3d 121 (4th Cir. 1995)(concluding that a claim under a similar West Virginia law did not arise out of that state's workers' compensation laws).

12. In addition, it was unnecessary for Judge Lynn to reach the question of whether the plaintiff in *Wagner* had waived the § 1445(c) argument by failing to plead gross negligence with any reference to the Texas Labor Code. 315 F. Supp. 3d at 920 n. 1. For all the reasons outlined in this brief, it is also unnecessary for the Court to reach this novel question to deny remand. However, it is worth observing that Plaintiffs' Amended Complaint makes no mention of Tex. Labor Code § 408.001 or the worker's compensation laws of Texas.

13. Simply put, Plaintiffs do not have an independent cause of action against HPC under the Workers' Compensation Act; their claim must be asserted under the Wrongful Death Act, which means that section 1445(c) does not apply by its terms.

14. **Plaintiffs waived their argument under Section 1445(c):** Defendants filed their notice of removal on June 13, 2023. Under 28 U.S.C. § 1447(c), a party must file a motion to remand within thirty (30) days of the notice of removal. Plaintiffs filed their motion to remand timely on July 12, 2023. (Doc. 20). However, they did not file their supplemental brief until August 22, 2023, long after the deadline in section 1447. The supplemental brief raised a new argument for remand that did not appear in the original motion.

15. The Courts have addressed this situation and concluded that section 1445(c) is a procedural requirement for removal that does not affect subject matter jurisdiction. As

6929419

a result, a failure to raise section 1445(c) within thirty (30) days of removal waives the argument. In *McCarter v. Rescar Industries,* 2010 WL 3825407 (S.D. Tex. September 27, 2010)(Atlas, J.), Plaintiff filed a motion to remand based on the argument that an individual defendant who was a Texas resident was properly joined. He did not mention section 1445(c) in the motion. Later, in an unfiled reply, he raised section 1445(c) as a basis for remand. Judge Atlas rejected the argument, holding that he had to raise the section 1445(c) argument in the original motion to remand within 30 days of the notice of removal. *See also Williams v. AC Spark Plug Division, supra* (Court concludes that section 1445(c) prohibition is a procedural issue that must be raised in the motion to remand within thirty (30) days of removal); 14C Wright, Miller *et al.*, *supra* at section 3739 ("As amended in 1988, section 1447 draws a significant distinction between a lack of subject matter jurisdiction and all other procedural defects for purposes of the timing of the motion to remand."), *citing Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998).

### CONCLUSION

16.  The Court has three separate and independent reasons to reject Plaintiffs' argument under section 1445(c). The motion to remand should be denied.

Respectfully submitted,

**SHEEHY, WARE, PAPPAS & GRUBBS, P.C.**

By : ___/s/  Raymond A. Neuer___
       Raymond A. Neuer
       State Bar No. 14928350
       SDTX No. 11085
909 Fannin Street, Suite 2500
Houston, Texas 77010
713.951.1000 – telephone
713.951.1199 – facsimile
Email: rneuer@sheehyware.com

***Attorneys for Defendant HPC Industrial Services, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel, using the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure, on August 30, 2023.

By:   */s/ Raymond A. Neuer*
       Raymond A. Neuer